[No. 10665-9-III.   Division Three.   October 15, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. ANDRES
A. ZAMORA, *Defendant*, PETE B.
ZAMORA, SR., *Appellant*.

*Thomas J. Earl* and *Earl & Earl,* for appellant.

*Paul A. Klasen, Jr., Prosecuting Attorney,* and *Kenneth L. Jorgensen, Deputy,* for respondent.

SHIELDS, C.J. — Pete B. Zamora, Sr., was charged by information with possession of cocaine with intent to deliver in violation of RCW 69.50.401(a)(1)(i). The jury found him guilty as charged. At sentencing, the court found the offense was committed within 1,000 feet of a school ground. RCW 69.50.435.[1] Mr. Zamora's sentence was not doubled pursuant to RCW 69.50.435, but his standard range sentence

---

[1]Former RCW 69.50.435 provides in relevant part:

"(a) Any person who violates RCW 69.50.401(a) by . . . possessing with the intent to . . . deliver a controlled substance listed under that subsection to a person . . . within one thousand feet of the perimeter of the school grounds is punishable by a fine of up to twice the fine otherwise authorized by this chapter, but not including twice the fine authorized by RCW 69.50.406, or by imprisonment of up to twice the imprisonment otherwise authorized by this chapter, but not including twice the imprisonment authorized by RCW 69.50.406, or by both such fine and imprisonment."

was enhanced by 24 months pursuant to RCW 9.94A-.310(5).[2] On appeal, Mr. Zamora contends (1) the evidence was insufficient to establish an intent to deliver, (2) enhancement was improper because he was not charged with a violation of RCW 69.50.435(a), and (3) RCW 69.50.435 unconstitutionally shifts the burden of proof on an essential element to the defendant and deprives him of his right to a jury trial. We affirm the conviction, but remand for resentencing.

At about 10:20 p.m. on July 7, 1989, officers of the Interagency Narcotics Enforcement Team (INET) executed a search warrant at the Moses Lake residence of Mr. Zamora. His adult son, Andres, and another man known as Spike were in Andres' bedroom preparing to smoke cocaine; Mr. Zamora was not at home. Andres and Spike were detained, and the house was searched. Cocaine and associated paraphernalia were found in Andres' bedroom. No drugs or paraphernalia were found in a second bedroom, but cocaine and paraphernalia were also found in the east office area. Andres testified the second bedroom was normally occupied by his teenage son who was then out of town, and the east office area was used by Mr. Zamora as a bedroom.

In the east office/bedroom, the INET officers opened a desk with a key supplied by Andres, who testified he used the key to put business papers and money in the desk during his father's frequent absences. In the desk, the officers found: numerous documents in the name of, and letters addressed to, Pete B. Zamora; a canister containing 56 bindles of cocaine packaged in two separate plastic bags; a cocaine processing kit; empty paper bindles; gloves used to prevent absorption while handling cocaine; and $2,300 in cash. In a filing cabinet, the officers found scales, razor blades, a knife and cloth, and unfolded bindle papers. In a garbage can, the officers found numerous plastic baggies

---

[2]RCW 9.94A.310(5) provides:

"An additional twenty-four months shall be added to the presumptive sentence for any ranked offense involving a violation of chapter 69.50 RCW if the offense was also a violation of RCW 69.50.435."

(some with corners cut off) and baggie corners (commonly used as alternative bindles), at least two of which contained cocaine residue. The east office/bedroom closet contained clothes which an older man would wear and many boxes of papers addressed to Pete Zamora.

During the search, from about 10:40 p.m. until 3:40 a.m., numerous phone calls were received at the residence on two different lines and numbers. A family line rang in the front area of the residence and in Andres' room; a business line rang only in Mr. Zamora's office. The 20 to 25 callers who called the family line extension in Andres' bedroom usually asked for Andy, sometimes for Spike. The 15 or so callers who called the business line in the east office/bedroom all asked for Pete.

Mr. Zamora first contends that while the evidence is sufficient to establish his constructive possession of the cocaine found in his office, it is insufficient to establish an intent to deliver. He is mistaken.

▮ Appellate review of the sufficiency of the evidence to support a jury verdict is limited to determining whether, viewing the evidence most favorably to the prosecution, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Smith*, 104 Wn.2d 497, 509, 707 P.2d 1306 (1985). Circumstantial evidence is no less reliable than direct evidence; specific criminal intent may be inferred from circumstances as a matter of logical probability. *State v. Stearns*, 61 Wn. App. 224, 228, 810 P.2d 41 (citing *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980)), *review denied*, 117 Wn.2d 1012 (1991).

An inference of intent must flow rationally from the evidence produced. *State v. Jackson*, 112 Wn.2d 867, 875, 774 P.2d 1211 (1989). A large quantity of drugs, along with large amounts of cash, scales, gloves and repackaging materials leads to a rational and logical inference of intent to deliver. *See State v. Lane*, 56 Wn. App. 286, 297-98, 786 P.2d 277 (1989); *State v. Simpson*, 22 Wn. App. 572, 575, 590 P.2d 1276 (1979); *State v. Harris*, 14 Wn. App. 414, 418-19, 542 P.2d 122 (1975), *review denied*, 86 Wn.2d 1010 (1976); *see*

*also State v. Cobelli*, 56 Wn. App. 921, 924-25, 788 P.2d 1081 (1989). Here, any rational trier of fact could have found Mr. Zamora possessed the cocaine with intent to deliver.

Mr. Zamora next contends the court erred by enhancing his sentence under RCW 9.94A.310(5) because the State did not charge him with a violation of RCW 69.50.435 and prove it to the jury. He argues RCW 69.50.435 describes an offense which is a separate and distinct offense from that described in RCW 69.50.401(a). It contains an additional element which must be established by the State: occurrence of the offense within a designated protected zone. We agree.

As a general proposition, an allegation in an information of the place where the offense charged was committed informs the accused of the nature and cause of the accusation against him, as well as fixing jurisdiction and venue. 2 C. Torcia, *Wharton on Criminal Procedure* § 251 (13th ed. 1990). "When a statute prohibits the doing of a certain act in a specified class of places, an accusation is sufficient which charges the commission of the offense in a place of the specified class without alleging the exact place." 2 C. Torcia, at 93. The accusation in this case was not sufficient. Nor is it satisfactory that the State proved location to the judge at the sentencing hearing.

The State argues RCW 69.50.435 is merely a sentence enhancement statute, ignoring the language of the statute itself. Subsection (a) defines the elements to be established: a specific violation within 1,000 feet of the perimeter of the school grounds. Provisions thereafter, throughout the statute, speak of "a prosecution for a violation of this section". RCW 69.50.435(b), (c), and (d). For example, subsection (d) creates an affirmative defense "*to a prosecution for a violation of this section.*" (Italics ours.) Then, subsection (e) establishes which maps may be used as prima facie evidence of location and further provides "[t]his section shall not be construed as precluding the prosecution from introducing or relying upon any other evidence or testimony

*to establish any element of the offense."* (Italics ours.) Any ambiguity caused by subsection (a), which speaks of punishment by doubling fines and/or imprisonment, is resolved by the enhancement statute, RCW 9.94A.310(5), which expressly provides additional time will be added to the presumptive sentence "for any ranked offense involving a violation of chapter 69.50 RCW if the offense *was also a violation of RCW 69.50.435."* (Italics ours.) Both offenses must be charged and established before the enhancement provision applies. Together, the statutes provide for a doubling of the maximum term and the addition of 24 months to the applicable standard range sentence.

■ The information must advise the defendant of the elements of the crime charged and the conduct of the defendant which is alleged to have constituted that crime. *State v. Kjorsvik,* 117 Wn.2d 93, 97, 812 P.2d 86 (1991); *State v. Kitchen,* 61 Wn. App. 915, 916, 812 P.2d 888, *review denied,* 117 Wn.2d 1019 (1991). Here, the information did not charge Mr. Zamora with violation of RCW 69.50.435. The State may not seek a sentence enhancement under RCW 9.94A.310(5) predicated upon an element of an offense it never charged.

Because we hold Mr. Zamora's sentence could not be enhanced under RCW 9.94A.310(5) without charging a violation of RCW 69.50.435, we do not address Mr. Zamora's challenge to its constitutionality.

We affirm the conviction of Mr. Zamora, but we remand for resentencing within the standard range.

MUNSON, J., and GREEN, J. Pro Tem., concur.