[No. 11053-2-III.    Division Three.    March 4, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. ERIC LEON
GRAHAM, *Appellant.*

*Thomas Bothwell* and *Prediletto, Halpin, Scharnikow & Bothwell, P.S.,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Ruth Reukauf, Deputy,* for respondent.

*Katherine Steele Knox* on behalf of Washington Defender Association, amicus curiae for appellant.

SHIELDS, C.J. — Eric Graham was found guilty as an accomplice to delivery of cocaine within 1,000 feet of a school ground. He appeals the 24-month enhancement of his sentence under RCW 9.94A.310(5). We affirm.

On January 2, 1990, Yakima Police Officer Gary Belles was working undercover in the area of an apartment complex where he knew drugs could be bought. While Officer Belles was negotiating with an individual to buy cocaine, the individual motioned Eric Graham to join them. In response to a question from Mr. Graham, Officer Belles indicated he wanted to buy $10 worth of cocaine. Mr. Graham took a $10 bill from Officer Belles, escorted him to one of the apartments and knocked. When they were both inside the apartment, Mr. Graham told an occupant that Officer Belles wanted "$10 worth". Mr. Graham handed the occupant the $10 bill he had taken from Officer Belles and the man poured cocaine into a paper bindle which he then gave to Officer Belles. The apartment was approximately 615 feet from a school ground.

Mr. Graham was charged under RCW 69.50.401(a) and RCW 9A.08.020 with the crime of accomplice to delivery of a controlled substance, cocaine. He was also charged with violation of RCW 69.50.435 for committing that offense within 1,000 feet of a school ground.

The jury found Mr. Graham guilty as charged. The court entered judgment and sentenced Mr. Graham to 70 months, a term arrived at by adding 24 months under RCW 9.94A.310(5) to the standard range of 46 to 61 months for an enhanced range of 70 to 85 months.

On appeal, Mr. Graham challenges the constitutionality of RCW 69.50.435 and the propriety of enhancing his sentence by adding 24 months to the entire standard range. In *State v. Lua*, 62 Wn. App. 34, 813 P.2d 588, *review denied*, 117 Wn.2d 1025 (1991), this court rejected arguments identical to Mr. Graham's,[1] finding the sentence enhancement constitutional and the addition of 24 months to the standard range sentence proper. Mr. Graham raises an additional argument not specifically addressed in *Lua*: he contends the statute impermissibly creates a strict liability crime without requiring the State to prove Mr. Graham *knew* drug trafficking within 1,000 feet of a school ground would expose him to additional penalties. His argument is not persuasive.

■ It is well established that the Legislature can punish conduct alone. *State v. Cleppe*, 96 Wn.2d 373, 380-81, 635 P.2d 435 (1981), *cert. denied*, 456 U.S. 1006 (1982); *State v. Abbott*, 45 Wn. App. 330, 332, 726 P.2d 988 (1986), *review denied*, 107 Wn.2d 1027 (1987). *See also State v. Carter*, 64 Wn. App. 90, 92, 823 P.2d 523 (1992). The Legislature's choice is clearly spelled out in RCW 69.50.435(b), which provides "[i]t is not a defense to a prosecution for a violation of this section that the person was unaware that the prohibited conduct took place while . . . within one thousand feet of the school . . .." The Legislature may place upon drug traffickers the burden of ascertaining where schools are located and the risk of conducting their illegal transactions near them. *See United States v. Falu*, 776 F.2d 46, 49-50 (2d Cir. 1985); *see also State v. Coria*, 120 Wn.2d 156, 839 P.2d 890 (1992). Moreover, the underlying offense of delivery of a controlled substance requires proof of guilty knowledge, *State v. Boyer*, 91 Wn.2d 342, 344, 588 P.2d 1151 (1979), which was satisfied here. As it relates to drug offenses committed within 1,000 feet of a school ground, RCW 69.50-.435 is constitutional.

---

[1]Counsel for Mr. Graham also represented Mr. Magana, whose appeal was consolidated with Mr. Lua's. Mr. Graham's brief was filed 6 weeks before we issued our decision in *Lua*.

The sole remaining issue is whether RCW 69.50.435 and RCW 9.94A.310(5) apply to accomplices. Mr. Graham and amicus curiae Washington Defender Association contend RCW 69.50.435 is an enhancement statute and does not apply to accomplices. Their position rests upon a faulty assumption.

■ ■ Mr. Graham and amicus assume RCW 69.50.435 does not describe an offense. They are mistaken. RCW 69.50-.401(a) describes a general drug offense, possession of a controlled substance with intent to deliver. RCW 69.50.435 describes a special drug offense, possession of a controlled substance with intent to deliver in a particular place or area. The special drug offense requires proof of an additional element. Both the general and special drug offenses must be charged and proved. *See State v. Zamora*, 63 Wn. App. 220, 225, 817 P.2d 880 (1991). That was done here with the aid of the accomplice statute, RCW 9A.08.020(3)(a), which provides an accomplice is one who aids a principal "[w]ith knowledge that it will promote or facilitate the commission of the crime . . .". *See also State v. Hoffman*, 116 Wn.2d 51, 104, 804 P.2d 577 (1991). The liability of the accomplice is the same as that of the principal. RCW 9A.08.020; *State v. Toomey*, 38 Wn. App. 831, 839-40, 690 P.2d 1175 (1984), *review denied*, 103 Wn.2d 1012, *cert. denied*, 471 U.S. 1067 (1985).

RCW 9.94A.310(5) requires the enhancement of the presumptive sentence of RCW 9.94A.310(1) by an additional 24 months when RCW 69.50.435 is violated. That enhancement may exceed the 5-year maximum imprisonment for violation of RCW 69.50.401(a)(1)(ii), *see* RCW 9.94A.310, if the offender score, computed under RCW 9.94A.360(13), exceeds 7. For this reason RCW 69.50.435 of necessity permits punishment up to twice the authorized term of imprisonment, to accommodate both the higher offender score and the potential of an exceptional sentence for aggravating circumstances.[2] RCW 9.94A.390(2). RCW 69.50.435 is not an enhance-

---

[2] To the extent dictum in *Zamora*, at 225, "[t]ogether, the statutes [RCW 9.94A.310(5) and RCW 69.50.435] provide for a doubling of the maximum term

ment statute.[3] It describes a special drug offense and increases the maximum punishment authorized by RCW 69.50.401(a) when the presumptive sentence of RCW 9.94A-.310(1) is enhanced by RCW 9.94A.310(5) and would exceed the otherwise maximum punishment authorized.

■ The State proved Mr. Graham facilitated the delivery of cocaine to undercover officer Belles. It also proved the cocaine transaction occurred within 1,000 feet of a school ground. The State was not required to prove Mr. Graham profited from the transaction. To establish a defense, Mr. Graham was required to prove the transaction was not for profit. RCW 69.50.435(d). That he did not do. The record shows the dealer was paid $10 in the transaction. It is immaterial whether Mr. Graham personally profited. Once the State proved Mr. Graham was guilty as an accomplice of both violations, RCW 9.94A.310(5) plainly provided for the addition of 24 months to his sentence.

The judgment and sentence of the Superior Court are affirmed.

SWEENEY, J., concurs.

MUNSON, J. (concurring specially) — I concur with this opinion except the statement that RCW 69.50.435 "describes a special drug offense". Standing alone, RCW 69.50.435 does not establish a crime, *i.e.*, an offense. In criminal law, an

---

and the addition of 24 months to the applicable standard range sentence", suggests otherwise, it is in error. A better statement would be: "Together, the statutes, RCW 9.94A.310(5) and RCW 69.50.435, provide for the addition of 24 months to the applicable standard range sentence up to double the maximum term of RCW 69.50.401(a)."

[3]Even if RCW 69.50.435 were only an enhancement statute, neither *State v. Rice*, 102 Wn.2d 120, 683 P.2d 199 (1984) nor *State v. McKim*, 98 Wn.2d 111, 653 P.2d 1040 (1982) helps Mr. Graham. In fact, both cases indicate an unarmed accomplice may receive an enhanced sentence as long as the State proves the accomplice *knew* a coparticipant was armed. *Rice*, at 126; *McKim*, at 118. Under similar reasoning, Mr. Graham's sentence may be enhanced as long as the State shows he knew cocaine was being delivered. It did.

offense is generally considered to be a felony or misdemeanor infringing upon public rights as distinguished from private rights. The offense here, which triggers the application of RCW 69.50.435, is a violation of RCW 69.50.401(a). RCW 69.50.435 prescribes an additional penalty if one meets the elements set forth therein, namely that an offense described in RCW 69.50.401(a) is committed within a certain distance from one of the prescribed locations or vehicles. It further prescribes an additional penalty by a fine or imprisonment "up to twice" those penalties otherwise authorized in RCW 69.50.

We held in *State v. Lua*, 62 Wn. App. 34, 43, 813 P.2d 588, *review denied*, 117 Wn.2d 1025 (1991) that the doubling applies to the maximum penalty for drug related crimes. The application of RCW 69.50.435 is discretionary with the sentencing judge. However, the Legislature has amended RCW 9.94A.310(5) to require a mandatory additional 24 months to be added to a presumptive sentence for any ranked offense violating any portion of RCW 69.50.

With that caveat, I concur in the affirmance.

Review denied at 121 Wn.2d 1031 (1993).