[No. 60748-6.  En Banc.  December 15, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSE LUIS SILVA-BALTAZAR, *Petitioner*.

THE STATE OF WASHINGTON, *Respondent*, v. ANTONIO LOPEZ MENDOZA, *Petitioner*.

*Thomas Bothwell* and *Prediletto, Halpin, Scharnikow, Bothwell & Smart, P.S.,* for petitioner Silva-Baltazar.

*George P. Trejo, Jr.,* and *Contreras-Trejo & Trejo, Inc. P.S.,* for petitioner Mendoza.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Bruce Hanify* and *Steven R. Keller, Deputies,* for respondent.

*Katherine S. Knox* on behalf of Washington Defender Association, amicus curiae for petitioners.

BRACHTENBACH, J. — This case arises out of the convictions of Jose Silva-Baltazar and Antonio Mendoza for pos-

session of cocaine with intent to deliver. The Defendants appealed on a number of issues. In an unpublished decision, the Court of Appeals affirmed the convictions and sentences. *State v. Mendoza*, noted at 70 Wn. App. 1036 (1993). The Defendants petitioned for review and this court accepted review only for resolution of two issues: whether RCW 69.50.435 defines an offense or a penalty enhancement, and if it is an enhancement, whether it applies to accomplices. We hold that RCW 69.50.435 is an enhancement and that it does apply to accomplices who, like the Defendants here, are themselves present in locations specified by RCW 69.50.435 (hereinafter referred to as drug-free zones), at the time the prohibited activity occurs. We expressly reserve the issue of whether the enhancement applies to accomplices who are not themselves within the drug-free zone, but are liable for a crime of another who does conduct the prohibited drug activity in a drug-free zone.

On February 27, 1990, an informant working with Yakima police officers arranged through a contact named Carlos Garcia to make a large purchase of drugs at the informant's house. Although Garcia first telephoned her on the appointed evening to tell the informant the deal would not go through, Garcia and four other men, in two cars, pulled up to her driveway a little later. Police had the area around the informant's home under surveillance. According to the informant's testimony, Garcia retrieved a 1-kilo bag of cocaine from the other car and brought it to his car. She testified she saw a gym bag in the second car containing a number of kilos of cocaine, and that Defendants Mendoza and Silva-Baltazar were involved in showing her these drugs. The informant told the men to come back later when she had the money. The men left in the cars. The informant called the police detective supervising the operation and gave a description of the cars (one description incorrect) and the license numbers.

Police officers stopped both cars nearby. When Garcia's car was stopped, Defendant Silva-Baltazar jumped from the car and ran. Another officer apprehended him a few blocks

away and took him back to Garcia's car. One kilo of cocaine was retrieved from the car. Police stopped the second car, registered to Defendant Mendoza, at a nearby minimart. There were two people in the car, Mendoza and Vincente Diaz, and there was no gym bag with cocaine. The police never found the alleged fifth person or additional kilos of cocaine. The distance from the informant's house to a nearby school bus stop was measured at 582 feet.

Mendoza, Silva-Baltazar, and Diaz were tried together and found guilty of possession of a controlled substance with intent to deliver. The jury also returned a special verdict that the crime of possession of a controlled substance with intent to deliver occurred within 1,000 feet of a school bus stop. The court increased the Defendants' standard sentences by 24 months under RCW 9.94A.310(5) and RCW 69.50.435. The court additionally imposed an exceptional sentence above the standard range, citing as an aggravating factor that the controlled substance was in a quantity substantially larger than for personal use, as provided in RCW 9.94A.390(2)(d)(ii).

The numerous challenges to RCW 69.50.435 have left unresolved the issue of whether this statute is a sentencing enhancement, stiffening the penalty for the substantive offenses contained in RCW 69.50.401(a) or RCW 69.50.410, or whether it is itself a criminal offense. This distinction is important as it affects the charging of a defendant, the computation of the offender score, and potentially, as argued here, whether an accomplice may be subject to the increased penalty. An enhancement increases the presumptive or standard sentence. An enhanced sentence is not an exceptional sentence, which allows the court to sentence outside the presumptive or standard sentencing range. *Compare* RCW 9.94A.310 *with* RCW 9.94A.120.

RCW 69.50.401(a) provides that "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance". When these drug activities take place in certain locations, then RCW

69.50.435 is applied. RCW 69.50.435 provides in relevant part:

> Any person who violates RCW 69.50.401(a) by manufacturing, selling, delivering, or possessing with the intent to manufacture, sell, or deliver a controlled substance listed under that subsection . . . to a person in a school or on a school bus or within one thousand feet of a school bus route stop designated by the school district or within one thousand feet of the perimeter of the school grounds, in a public park or on a public transit vehicle, or in a public transit stop shelter may be punished by a fine of up to twice the fine otherwise authorized by this chapter . . . or by imprisonment of up to twice the imprisonment otherwise authorized by this chapter . . . or by both such fine and imprisonment.

RCW 69.50.435(a).

In short, RCW 69.50.401 enumerates the maximum penalties, in fines and imprisonment, for certain drug crimes, and RCW 69.50.435 allows those penalties to be doubled when the crimes are committed in specified locations. The Legislature added RCW 69.50.435 to the Uniform Controlled Substances Act (UCSA) in 1989. The UCSA delineates offenses and establishes maximum penalties, but does not set out determinate sentence ranges, which are provided for in the Sentencing Reform Act of 1981 (SRA). The SRA contains a more specific penalty provision relating to RCW 69.50.435. RCW 9.94A.310(5) provides:

> An additional twenty-four months shall be added to the presumptive sentence for any ranked offense involving a violation of chapter 69.50 RCW if the offense was also a violation of RCW 69.50.435.

There is conflict in Washington case law about the characterization of RCW 69.50.435 as an enhancement or an offense. Division Three of the Court of Appeals has construed RCW 69.50.435 as describing an offense. In *State v. Zamora*, 63 Wn. App. 220, 817 P.2d 880 (1991), the court determined, based on the language of the provision itself, that RCW 69.50.435 was a criminal offense, which must be charged and proved by the prosecution. The court noted that throughout the statute are references to a "prosecution for a violation of this section'." *Zamora*, at 224 (citing RCW 69.50-

.435(b), (c), (d)). Further, as the court pointed out, RCW 9.94A.310(5) provides for the additional time on the presumptive sentence " 'for any ranked offense involving a violation of chapter 69.50 RCW if the offense *was also a violation of RCW 69.50.435.' " Zamora*, at 225 (citing RCW 9.94A.310(5)). The court concluded that because the defendant was not charged with the violation of RCW 69.50.435 as an offense, the State could not seek a sentence enhancement. *Zamora*, at 225.

Division Three followed *Zamora* on this issue in *State v. Graham*, 68 Wn. App. 878, 881, 846 P.2d 578, *review denied*, 121 Wn.2d 1031 (1993). There the court stated:

> RCW 69.50.401(a) describes a general drug offense, possession of a controlled substance with intent to deliver. RCW 69.50.435 describes a special drug offense, possession of a controlled substance with intent to deliver in a particular place or area. The special drug offense requires proof of an additional element. Both the general and special drug offenses must be charged and proved.

*Graham*, at 881. In a concurrence, Judge Munson took exception to the characterization of RCW 69.50.435 as an offense, instead treating this provision as providing for an additional penalty for the substantive crimes specified in RCW 69.50.401(a).

In its unpublished opinion in this case, the Court of Appeals cites to *Graham* in upholding the sentence enhancement for the Defendants, based on the reasoning that the liability of an accomplice is the same as that of the principal. Although we agree with this premise, we do not adopt the characterization of *Graham* that RCW 69.50.435 is a criminal offense.

Division One, contrary to Division Three, appears to have made the determination that RCW 69.50.435 is a penalty enhancement. Division One concluded: "RCW 69.50.401(a) prohibits drug dealing. RCW 69.50.435 provides an additional penalty for drug dealing within 1,000 feet of certain drug free zones, such as schools and school bus stops." *State v. Williams*, 70 Wn. App. 567, 570, 853 P.2d 1388 (1993), *review denied*, 123 Wn.2d 1011 (1994).

No case before this court has explicitly raised as an issue the proper characterization of RCW 69.50.435. However, we have indicated in other contexts that the correct interpretation of the statute is that it provides for a sentence enhancement. In *State v. McGee*, 122 Wn.2d 783, 788, 864 P.2d 912 (1993) we said: "RCW 69.50.435(a) does not itself criminalize manufacturing, delivering, or possessing a controlled substance; it merely imposes an additional penalty for violating RCW 69.50.401(a) within a school zone." Also, in stating the interrelationship between RCW 69.50.401(a) and RCW 69.50.435, this court explained:

> RCW 69.50.401(a) provides a general prohibition against drug dealing. . . . The statute primarily at issue in this case is RCW 69.50.435, which provides for an enhancement of the penalty imposed for violating RCW 69.50.401(a), if that violation occurred within 1,000 feet of certain places such as schools or school bus route stops.

*State v. Coria*, 120 Wn.2d 156, 161, 839 P.2d 890 (1992).

Most persuasive in determining that RCW 69.50.435 is an enhancement is the statutory scheme itself. If RCW 69.50.435 sets forth a criminal offense, rather than a penalty enhancement for another criminal offense, it should, like all offenses, have a presumptive sentence. RCW 9.94A.320, a section of the SRA, provides a table of the criminal offenses, listing the crimes included within each seriousness level. The level of the crime is then used to figure out the length of the sentence on the sentencing grid. Although RCW 69.50.401 is ranked in the table, RCW 69.50.435 is not. The only way to punish an offender for a violation of that provision is to figure out the presumptive sentence for another crime, RCW 69.50.401 or RCW 69.50.410. Once the presumptive sentence for the offense listed on the seriousness chart is determined, then RCW 9.94A.310(5) adds 24 months onto the presumptive sentence. Thus, one could be convicted and sentenced for a violation of RCW 69.50.401, but in and of itself, one could not be sentenced for a violation of RCW 69.50.435 using the sentencing grid.

In addition, legislative history, appropriate to turn to in situations of ambiguous statutory interpretation, further leads to the conclusion that RCW 69.50.435, and the corresponding provision in RCW 9.94A.310(5), were intended to enhance penalties, not create a separate crime. The bill analysis prepared by the House Committee on Judiciary states:

> Additional penalties are provided for drug activities conducted within 1,000 feet of a public of [sic] private primary or secondary school. These penalties increase the maximum penalty imposable and also add two years to the presumptive sentence.
>
> . . . .
>
> A 24[-]month enhancement is also added to the presumptive sentence for manufacturing, delivering, or possessing with intent to manufacture or deliver within 1,000 feet of a school.

House Comm. on Judiciary, HB 1793 Bill Analysis, Drug Sales Near Schools, 51st Legislature (1989). The final bill report provides:

> *Enhancements* are also provided for sentences for various drug offenses. . . . The otherwise applicable maximum penalties are doubled and the presumptive sentence is increased by 24 months for certain drug offenses committed within 1,000 feet of a school or school bus stop.

(Italics ours.) House Comm. on Appropriations, House Comm. on Judiciary, Senate Comm. on Ways and Means, Final Bill Report, 2SHB 1793, 51st Legislature (1989).

In addition, both RCW 69.50.435 and RCW 9.94A.310(5) were enacted as part of the Omnibus Alcohol and Controlled Substances Act. Laws of 1989, ch. 271, §§ 112, 101. In this act, the Legislature revised both the sentencing grid and the table of offenses within each seriousness level. The Legislature did not add RCW 69.50.435 to the chart as an offense. Instead the Legislature added the 24-month increase in penalty to the statutory section providing for certain enhanced sentences, RCW 9.94A.310. This indicates that the two provisions, RCW 69.50.435 and RCW 9.94A.310(5), are intended to act together as an enhancement.

The next matter we must determine is whether the enhancement applies to accomplices.[1] We reiterate that this case involves Defendants who were themselves within 1,000 feet of a school bus stop during the events of the crime, and confine ourselves to the facts here present. We do not decide whether RCW 69.50.435 applies to accomplices who are not within the drug-free zone themselves when another participant in the crime engages in the specified drug activity within the drug-free zone.

Defendants argue that accomplices may be liable for committing a crime, but are not subject to the enhancement provisions of RCW 69.50.435.[2] The complicity rule in Washington is that any person who participates in the commission of the crime is guilty of the crime and is charged as a principal. *State v. Carothers*, 84 Wn.2d 256, 264, 525 P.2d 731 (1974), *overruled on other grounds by State v. Harris*, 102 Wn.2d 148, 685 P.2d 584 (1984). RCW 9A.08.020, the complicity statute, provides:

> (1) A person is guilty of a crime if it is committed by the conduct of another person for which he is legally accountable.
>
> (2) A person is legally accountable for the conduct of another person when:
>
> . . . .
>
> (c) He is an accomplice of such other person in the commission of the crime.
>
> (3) A person is an accomplice of another person in the commission of a crime if:
>
> (a) With knowledge that it will promote or facilitate the commission of the crime, he
>
> (i) solicits, commands, encourages, or requests such other person to commit it; or

---

[1]The trial court instructed the jury that it could convict each Defendant if either he or an accomplice possessed cocaine with an intent to deliver. It is unclear whether the jury convicted on the ground that the Defendant himself possessed the cocaine with intent to deliver or on the ground that an accomplice possessed the cocaine with the intent to deliver. However, in a conviction for a substantive crime, this distinction is irrelevant. An accomplice is guilty as a principal. *State v. Hoffman*, 116 Wn.2d 51, 804 P.2d 577 (1991).

[2]Defendant Mendoza presents this argument both in his Petition for Review and in his Court of Appeals Brief. Although Defendant Silva-Baltazar argues in his Brief to the Court of Appeals that an accomplice is not subject to a sentence enhancement under RCW 69.50.435, in his Petition for Review he argues that RCW 69.50.435 is a crime and that he was not properly charged with this crime.

(ii) aids or agrees to aid such other person in planning or committing it; or

(b) His conduct is expressly declared by law to establish his complicity.

This court in *State v. McKim*, 98 Wn.2d 111, 116, 653 P.2d 1040 (1982), a pre-SRA case involving the prior deadly weapon enhancement statute, RCW 9.95.040, stated that the applicability of the complicity statute, RCW 9A.08.020(1), was "limited to accountability for *crimes*". The court determined that an accomplice is "equally liable only for the substantive crime — any sentence enhancement must depend on the accused's own misconduct". *McKim*, at 117. Therefore, the deadly weapon enhancement could not be activated by the complicity statute. The court noted that there is no provision in the complicity statute that an accomplice is to be punished as a principal, unlike the previous complicity statute which did so provide. *McKim*, at 116.

The court went on to determine that the accused could be subject to the deadly weapon enhancement if the accused was actually or constructively armed with a deadly weapon. For an accused to be constructively armed, the other participant would have to be armed and the accused would have to know that the other participant was armed. Thus, the court said, the deadly weapon statute reaches both those who are armed and "also those who *know* an accomplice is armed". *McKim*, at 118. The changes made by the Sentencing Reform Act of 1981 to the deadly weapon enhancement provision have superseded *McKim. State v. Bilal*, 54 Wn. App. 778, 776 P.2d 153, *review denied*, 113 Wn.2d 1020 (1989). RCW 9.94A.310(3) now provides that the "following additional times shall be added to the presumptive sentence if the *offender or an accomplice* was armed with a deadly weapon". (Italics ours.) RCW 9.94A.125, providing for a special verdict in regard to the deadly weapon issue, refers to "an accused or an accomplice". Knowledge is no longer required.

McKim and its reasoning are not applicable to this case. The analysis of this court in *McKim* was based on the fact

that under RCW 9A.08.020, there is no strict liability for the conduct of another in regard to a sentence enhancement provision. The court stated that although in most crimes involving deadly weapons, the coparticipants are aware that one or more of them is armed, that is no reason to impose strict liability on all coparticipants regardless of each participant's knowledge that another is armed. *McKim*, at 117.

■ However, unlike the deadly weapon enhancement, RCW 69.50.435 does not require knowledge on the part of any of the participants. It is irrelevant whether a person is aware that he or she is carrying on the prohibited drug activity in a drug-free zone. RCW 69.50.435(b) provides that:

> It is not a defense to a prosecution for a violation of this section that the person was unaware that the prohibited conduct took place while in a school or school bus or within one thousand feet of the school or school bus route stop, in a public park, on a public transit vehicle, or in a public transit stop shelter.

Further, this court has held that "due process does not require drug dealers know they are within a drug free zone for purposes of . . . RCW 69.50.435." *State v. Coria*, 120 Wn.2d 156, 166, 839 P.2d 890 (1992). Unlike the deadly weapon enhancement in *McKim*, RCW 69.50.435 is a strict liability statute.

■ In holding that an accomplice may be liable for first degree robbery whether or not the accomplice knew the principal was armed, this court in *State v. Davis*, 101 Wn.2d 654, 659, 682 P.2d 883 (1984) noted that the Legislature has an interest in discouraging deadly weapons by imposing strict liability on all those involved in a robbery. In this way, RCW 69.50.435 is more akin to the first degree robbery statute in *Davis* than it is to the prior deadly weapon enhancement interpreted in *McKim*. Not only does the Legislature have an interest in imposing strict liability for certain drug activity in specific locations, it has explicitly done so. Therefore, although *Davis* involves a substantive crime and *McKim* involves a sentence enhancement, the analysis in *Davis* is more persuasive here.

The Defendants and amicus curiae argue that the omission of the term "accomplice" in RCW 69.50.435 and RCW 9.94A.310(5), when contrasted with the inclusion of the term "accomplice" in the other two enhancement provisions in RCW 9.94A.310, indicates that the Legislature did not intend RCW 69.50.435 to apply to accomplices. However, aside from the establishment of the length of time a defendant's sentence is to be enhanced, the main text of the drug-free zone enhancement is located in RCW 69.50, not in the SRA. It is not surprising, then, that the language of the drug-free zone enhancement does not parallel the language of the other two enhancements. In addition, the Legislature added the term "accomplice" to the deadly weapon enhancement after this court excluded accomplices from the operation of that enhancement in order to avoid strict liability. Given that the Legislature explicitly provided for strict liability under the drug-free zone enhancement, the Legislature may not have viewed it as necessary to include the term accomplice within the enhancement.

Furthermore, we have identified the purpose of RCW 69.50.435 as discouraging "the development of the violent and destructive drug culture in areas where there are children." *Coria*, at 172-73. All participants who are in areas in which the Legislature has determined that children are likely to be present pose an equal threat to the children in terms of exposure to drug activity.

Here the Defendants are liable for violating RCW 69.50.401, and have been found guilty of possession of cocaine with the intent to sell. They were also participating in this activity within a drug-free zone. We can see no reason why RCW 69.50.435 should not apply to the Defendants. We hold that all participants who are liable for the substantive crimes referred to in RCW 69.50.435, and who are themselves participating in this criminal activity within a drug-free zone, are subject to the enhancement.

We affirm the enhancement of Defendants' sentences under RCW 69.50.435 and RCW 9.94A.310(5).

ANDERSEN, C.J., and DOLLIVER, DURHAM, SMITH, and GUY, JJ., concur.

MADSEN, J. (concurring) — I agree with the result reached by the majority because it is limited to accomplices who are present in the drug-free zone when the crime is committed. My concern, however, is that by rejecting the careful analysis outlined in *State v. McKim*, 98 Wn.2d 111, 653 P.2d 1040 (1982), the majority has blurred the distinction between accomplice liability for substantive crimes and punishment of accomplices under enhancement provisions. This is a necessary distinction which the majority unjustifiably seeks to avoid. Applying the *McKim* analysis to the drug zone enhancement statute reaches the same result suggested by the majority without blurring the distinction between punishment predicated on complicity and punishment for the accused's own misconduct.

At issue in *McKim* was the application of the deadly weapons enhancement to an unarmed accomplice. This court first examined RCW 9A.08.020(1), the accomplice liability statute, for a basis to apply the sentence enhancement to an accomplice. After determining that the complicity statute contained no equal punishment provision for accomplices, this court concluded that applicability of the accomplice statute is limited to accountability for crimes. *McKim*, at 116. Thus, the *McKim* court stated, because an accomplice is "equally liable only for the substantive crime — any sentence enhancement must depend on the accused's own misconduct". *McKim*, at 117.

After rejecting accomplice liability as a basis for imposition of the sentence enhancement for deadly weapon, the *McKim* court looked to the language of the enhancement itself, RCW 9.95.015. Since RCW 9.95.015 required "a finding of fact of whether or not the *accused was armed* with a

deadly weapon", the *McKim* court concluded that the accused (there the accomplice) must himself have been armed in order to trigger imposition of the enhancement. *McKim*, at 116. *McKim* went on to find that an accomplice was armed for purposes of the enhancement statute if the accomplice was either actually armed or constructively armed with such a weapon. *McKim*, at 117. The court then found that an accomplice's knowledge that the principal was armed was sufficient for a finding that the accomplice was constructively armed. *McKim*, at 117.

The majority attempts to distinguish *McKim* by stating that unlike the deadly weapon enhancement, the drug-free zone enhancement under RCW 69.50.435(b) does not require knowledge by any participant. With this statement it is clear that the majority fundamentally misunderstands the holding of *McKim*. *McKim* did not hold that the weapons enhancement statute required knowledge. Rather, faced with the language of the enhancement statute which, by express terms, applied only to an accused who was armed, the *McKim* court developed a principled analysis, to justify application of the deadly weapons enhancement to an accomplice, of which knowledge was a part. Under this analysis, the court first held that an accused could either be armed in fact or constructively armed. Next, the court determined that constructive possession of a weapon is satisfied if the accused has knowledge that another participant in the crime is armed. Thus, the court found the accomplice was armed and it was his own conduct which brought him within the enhanced penalty provision.

The majority's misunderstanding of *McKim* is further evidenced when it asserts that the *McKim* court excluded accomplices from the operation of the deadly weapons enhancement "in order to avoid strict liability". Majority, at 483. The *McKim* court did not exclude accomplices from operation of the enhancement. The Legislature had spoken clearly — only an accused who was "armed" was subject to the sentence enhancement. As stated above, faced with that clear language and the limitations of the complicity statute,

the court introduced a theory of constructive possession of a weapon so that an accomplice could meet the requirement of being armed in RCW 9.95.015 and the enhancement would then apply to an accomplice.

The accomplice liability statute, RCW 9A.08.020(1), has not been amended since *McKim* and its application is still limited to imposing accountability for crimes. Complicity, therefore, remains foreclosed as a basis for the imposition of a sentencing enhancement despite the majority's implication to the contrary. Following the *McKim* analysis, we must instead look to the language of the enhancement statute at issue to determine its applicability to an accomplice.

On its face, the school zone enhancement applies to "any person" who commits one of several enumerated crimes within the zone. The statute provides enhanced penalties for

> Any person who violates RCW 69.50.40l(a) by manufacturing, selling, delivering, or possessing with the intent to manufacture, sell, or deliver a controlled substance listed under that subsection or who violates RCW 69.50.410 by selling for profit any controlled substance or counterfeit substance classified in schedule I, RCW 69.50.204, except leaves and flowering tops of marihuana to a person in a school or on a school bus . . . or within one thousand feet of the perimeter of the school grounds . . ..

RCW 69.50.435(a). If an accomplice is a "person" who meets the requirements described in RCW 69.50.435(a), then the enhancement can be imposed. In this case, the Defendants/accomplices were actually within the school zone when the crimes to which they were accomplices were committed. Therefore, the enhancement may be applied to increase their penalties.

The majority unjustifiably rejects this straightforward analysis and instead relies on *State v. Davis*, 101 Wn.2d 654, 682 P.2d 883 (1984), a case which the majority admits involves accomplice liability for the substantive crime of first degree robbery, not the application of a sentence enhancement to an accomplice. The majority also cites RCW 69.50.435(b) in support of its rejection of *McKim*. This statute, however, merely states that application of the enhancement to a person committing certain listed crimes in a drug-free

zone is not triggered by knowledge. This section in no way supports the leap made by the majority that an accomplice may receive an enhanced penalty simply because knowledge is not required. The strict liability nature of the enhancement cannot alone serve as the basis for extending a sentence enhancement to an accomplice. Rather, it is the language of the enhancement provision which is determinative.[3]

Central to the application of the enhanced penalty at issue here, and what the majority fails to address in its analysis, is that the accomplice must be a "person" who commits one of the enumerated crimes within the drug-free zone. It is of no consequence whether that "person" is a principal or an accomplice. It is presence within the drug-free zone which is determinative. This is the fundamental holding of *McKim*: because the complicity statute makes an accomplice equally liable only for the substantive crime — any sentence enhancement must depend on the accused's own misconduct. *McKim*, at 117. The drug-free zone enhancement statute imposes strict liability only for those persons whose conduct takes place within the zone.

UTTER and JOHNSON, JJ., concur with MADSEN, J.

---

[3]As the majority points out, the Legislature added the term "accomplice" to the deadly weapon enhancement after *McKim*. Unfortunately, the majority then speculates that the Legislature did not include the term "accomplice" within the drug-free zone enhancement because that enhancement provides for strict liability. However, as pointed out by amicus curiae, this assumption is contra to the rules of statutory construction. The Legislature is presumed to be familiar with the decisions of this court. *In re Foreclosure of Liens*, 117 Wn.2d 77, 86, 811 P.2d 945 (1991). The purpose of statutory construction is to give effect to the intent of the Legislature. *Cherry v. Municipality of Metro. Seattle*, 116 Wn.2d 794, 799, 808 P.2d 746 (1991). " '[W] here the Legislature uses certain statutory language in one instance, and different language in another, there is a difference in legislative intent.' " *In re Swanson*, 115 Wn.2d 21, 27, 793 P.2d 962, 804 P.2d 1 (1990) (quoting *United Parcel Serv., Inc. v. Department of Rev.*, 102 Wn.2d 355, 362, 687 P.2d 186 (1984)). Had the Legislature intended the enhancement provisions of RCW 69.50.435 to apply to accomplices by virtue of their complicity, it is likely that it would have included the term "accomplice" within the provision as it did with the deadly weapons enhancement following *McKim*.