[No. 18869-8-III.   Division Three.   March 1, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. PAT L. LUSBY, *Appellant*.

258

*Neil P. Cox, Jr.*, for appellant.

*Ray D. Lutes, Prosecuting Attorney*, and *Benjamin C. Nichols, Deputy*, for respondent.

EITZEN, J.* — After entering a negotiated plea, Pat Lusby appeals her conviction for possession of marijuana with intent to deliver. First, she contends the trial court abused its discretion when it denied her motion to compel the State to reveal the identity of a confidential informant. Next, she contends the sentencing enhancement set forth in RCW 9.94A.310(6) cannot serve to more than double her standard range sentence. Third, Ms. Lusby contends the sentencing enhancement violates federal and state equal protection laws. Finally, she contends the sentencing court failed to recognize it had discretion to consider work ethic camp at sentencing. We affirm and remand with instructions for the trial court to make a clear record regarding its consideration of Ms. Lusby's eligibility for work ethic camp.

## FACTS

After neighbors complained of suspicious traffic coming in and out of Ms. Lusby's home in Asotin County, members of the Quad Cities Drug Task Force attempted to set up two controlled narcotics purchases at her home utilizing a confidential informant (CI). Although neither attempt was successful, the CI reported being able to enter Ms. Lusby's residence. The CI smelled burnt or burning marijuana and saw marijuana and two bongs, used for smoking marijuana, lying on the coffee table in the living room.

Based on the CI's observations and the reports from concerned neighbors, a search warrant was issued and served on Ms. Lusby at her residence. Forced entry was not required. Ms. Lusby was cooperative when sheriff's deputies and task force officers searched her home. Based on the evidence collected, Ms. Lusby was arrested and charged

---

* Judge Tari S. Eitzen is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

with various drug crimes. The State requested a 24-month enhancement pursuant to RCW 69.50.435(a)(6) because the drug crimes were committed within a public housing project officially designated as a drug-free zone.

When arrested, Ms. Lusby waived her right to remain silent and admitted that she sold drugs from her residence. Then, she supplied the officers with details of the drug operation. Ms. Lusby voluntarily relinquished the drugs, drug paraphernalia, and proceeds from recent drug sales to the officers.

In December 1998, Ms. Lusby was charged in Asotin County with two drug offenses—count I, possession of a controlled substance (methamphetamine); and count II, possession of a controlled substance (marijuana) with the intent to deliver. In March 1999, an amended information was filed adding count III, possession of a controlled substance (hydrocodone).

In February 1999, Ms. Lusby filed a motion to compel the identity of the CI. She believed the CI would be essential to her defense strategy at trial since she refused to sell drugs to that person. When the State informed her that it did not know the CI's identity, Ms. Lusby filed a motion to compel disclosure. After a hearing, the motion was denied. Ms. Lusby then sent a general subpoena to the task force requesting the CI's identity. The State was successful in getting the subpoena quashed.

Ms. Lusby eventually entered into a plea agreement whereby she agreed to plead guilty to possessing marijuana with intent to deliver (count II), in exchange for dismissing count I and count III. At the plea hearing she verbally and in writing admitted that she supplemented her income with drug sales.

Although she knew the State was recommending the 24-month sentence enhancement, Ms. Lusby forcefully argued against it at her sentencing hearing. She also sought participation in the work ethic camp as part of her sentence. Ms. Lusby was sentenced to 2 months (midpoint of

the standard range) plus a 24-month enhancement pursuant to RCW 9.94A.310(6) (drug-free zone, public housing). The sentencing court declined to consider work ethic camp as a sentencing option after stating its belief that the 1999 amendment to RCW 9.94A.137 made work ethic camp unavailable to Ms. Lusby. Ms. Lusby appeals.

## ANALYSIS

### A. *Disclosure of the CI*

First, Ms. Lusby asserts that the trial court erred when it denied her motion to compel the State's disclosure of the identity of the CI in this case. The trial court's decision is reviewed under the abuse of discretion standard. A trial court abuses its discretion when its decision is based on untenable grounds or reasons or if it makes a determination that is manifestly unreasonable. *State v. Petrina*, 73 Wn. App. 779, 782-83, 871 P.2d 637 (1994).

Generally, the government is not required to disclose the identity of an informant providing information related to criminal activity. *State v. Harris*, 91 Wn.2d 145, 148, 588 P.2d 720 (1978). However, a defendant's request for disclosure of the CI's identity at trial implicates constitutional issues of fundamental fairness and due process. *United States v. Raddatz*, 447 U.S. 667, 679, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). When disclosure of a CI's identity is relevant and useful to the defendant, or if disclosure is essential to a fair determination of the case, then disclosure is warranted. *Petrina*, 73 Wn. App. at 783-84 (citing *Roviaro v. United States*, 353 U.S. 53, 60-61, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957)). The defendant has the burden of proving disclosure is necessary. *Petrina*, 73 Wn. App. at 784. If the trial court finds that either prong of the *Roviaro* test (relevant and useful to the defense or essential to a fair determination of the case) has been satisfied, then fundamental fairness requires disclosure. *Harris*, 91 Wn.2d at 149.

Ms. Lusby argues the CI's testimony was necessary

to her defense because the CI had information that would disprove the intent to deliver portion of the possession charge. She contends the CI could testify that on two different occasions prior to the critical police search, the CI was told that drugs were not for sale at Ms. Lusby's residence. This argument might be persuasive except for Ms. Lusby's valid admission during the raid that she sold drugs of the type found in her home. This admission was repeated during the plea. As such, disclosure of the identity of the CI was not necessary under these facts. Given the above, we conclude the trial court did not abuse its discretion in denying Ms. Lusby's motion to compel disclosure of the CI.

We take this opportunity to comment on the procedure by which this issue was before us on appeal. Ms. Lusby pleaded guilty pursuant to a plea agreement. Part of the agreement was that she would be allowed to appeal the denial of her motion to compel. Generally, a defendant waives the type of issue presented here by pleading guilty. While waiver is not argued here, it is clear that Ms. Lusby wanted to preserve the informant disclosure issue. The usual practice would have been to proceed with a bench trial on stipulated facts. The appellant then would have had an orderly remedy, i.e., reversal and remand. Here, the sole remedy for a successful appeal would be to reverse and remand to allow Ms. Lusby an opportunity to withdraw her guilty plea.

## B. Drug-Free Zone Sentence Enhancement

### 1. Equal Protection Violation

Next, Ms. Lusby argues that the trial court erred when it utilized the "drug-free zone" enhancement when sentencing Ms. Lusby because RCW 69.50.435(a)(6)[1] violates the state and federal equal protection laws. She is incorrect.

---

[1] RCW 69.50.435(a)(6) states that any person who violates RCW 69.50.401(a) by manufacturing, selling, delivering, or possessing with the intent to manufacture, sell, or deliver a controlled substance to a person "[i]n a public housing project

■■ According to our equal protection laws, all people similarly situated with respect to the legitimate purpose of the law must receive like treatment. *State v. Coria*, 120 Wn.2d 156, 169, 839 P.2d 890 (1992). A statute is presumed constitutional and the challenger has the burden of proving it unconstitutional. *Citizens for More Important Things v. King County*, 131 Wn.2d 411, 415, 932 P.2d 135 (1997). A challenged statute should not be declared unconstitutional unless is appears to be so beyond a reasonable doubt. *Island County v. State*, 135 Wn.2d 141, 146, 955 P.2d 377 (1998). This particular statute has been the subject of appeal many times and has always survived constitutional challenges. "RCW 69.50.435 is constitutional." *State v. Graham*, 68 Wn. App. 878, 880, 846 P.2d 578 (1993) (as applied to drug offenses committed within 1,000 feet of a school); *see also State v. Dobbins*, 67 Wn. App. 15, 18-22, 834 P.2d 646 (1992) (due process and equal protection not violated by statute).

■■ It has been well established in this state that there must be a demonstration of discriminatory intent or purpose in order to establish a valid equal protection claim. *Coria*, 120 Wn.2d at 175. By its plain language, RCW 69.50.435(a)(6) applies to *any person* who chooses to manufacture, sell, deliver, or possess with intent to deliver a controlled substance in a public housing project that has been officially designated as a drug-free zone. Accordingly, the law applies equally to any offender, regardless of where they live or the level of their income. Our Supreme Court has determined that the legitimate purpose of RCW 69.50.435 is to discourage "the development of the violent and destructive drug culture in areas where there are children." *Coria*, 120 Wn.2d at 172-73. Accordingly, Ms. Lusby's argument that the purpose of the enhancement is to offer greater protection to the children and families living in public housing projects is without merit. RCW 69-.50.435(a)(6) does not violate the equal protection clause.

---

designated by a local governing authority as a drug-free zone" is subject to enhanced punishment.

## 2. Sentencing Enhancement

██ ██ Ms. Lusby also argues that RCW 69.50.435(a) must be interpreted to mean that a sentencing enhancement under this statute can no more than double the standard range sentence imposed under the sentencing guidelines found in chapter 9.94A RCW. She asserts that since her standard range sentence was from 1 to 3 months, the 24-month enhancement improperly imposed a sentence that was 12 times greater than her standard range 2-month sentence. Relying on the last sentence in the statute, she asserts that, at most, only another three months can be added to her sentence, for a maximum incarceration of five months. She is incorrect.

RCW 69.50.435 states in relevant part:

(a) Any person who violates RCW 69.50.401(a) by manufacturing, selling, delivering, or possessing with the intent to manufacture, sell, or deliver a controlled substance . . . to a person:

. . . .

(6) In a public housing project designated by a local governing authority as a drug-free zone;

. . . .

may be punished by . . . imprisonment of up to twice the imprisonment otherwise authorized by this chapter . . . . The provisions of this section shall not operate to more than double the . . . imprisonment otherwise authorized *by this chapter* for an offense.

(Emphasis added.) Whereas RCW 69.50.435 allows, in general terms, an enhancement (doubling) of the penalty for drug crimes that occur in drug-free zones (*see State v. McGee,* 122 Wn.2d 783, 788, 864 P.2d 912 (1993)), RCW 9.94A.310(6)[2] makes the 24-month enhancement manda-

---

[2] RCW 9.94A.310(6) provides that "[a]n additional twenty-four months *shall* be added to the presumptive sentence for any ranked offense involving a violation of chapter 69.50 RCW [the general prohibition against drug dealing] if the offense was also a violation of RCW 69.50.435 or 9.94A.128." (Emphasis added.) This subsection was amended by Laws of 2000, ch. 132, § 2; however, the amendment

tory. RCW 9.94A.320, a section of the Sentencing Reform Act of 1981, provides a table of criminal offenses, listing the crimes included within each seriousness level. The level of the crime is then used to ascertain the length of the sentence on the sentencing grid. Once the presumptive sentence is determined, then RCW 9.94A.310(6) adds 24 months onto that presumptive sentence. *State v. Silva-Baltazar*, 125 Wn.2d 472, 478, 886 P.2d 138 (1994) (interpreting former RCW 9.94A.310(5) (1992), which is now RCW 9.94A.310(6)).

The Supreme Court, in *Silva-Baltazar*, cited the bill analysis prepared by the House Committee on Judiciary to support its holding that RCW 9.94A.310(6) was intended to enhance penalties. The bill states that additional penalties are provided for drug activities conducted within certain localities to increase the maximum penalty imposed and *also* add two years to the presumptive sentence. RCW 69.50.435 and RCW 9.94A.310(6) are intended to act together as an enhancement. *Silva-Baltazar*, 125 Wn.2d at 479.

If, as here, the language in a statute is plain and unambiguous, the court's inquiry must end, because the meaning must be derived from the wording of the statute itself. *State v. Wilbur*, 110 Wn.2d 16, 19, 749 P.2d 1295 (1988). The statute was followed to the letter in this case. Because Ms. Lusby's drug offense occurred within a public housing project in violation of RCW 69.50.435(a)(6), the court properly imposed the 24-month enhancement and added it to her standard range sentence.

## C. Work Ethic Camp

Finally, Ms. Lusby asserts that the trial court failed to recognize it had discretion to order work ethic camp (WEC). She is correct.

██ ██ Ms. Lusby requested an alternative sentence

merely adds a new crime to which the 24-month enhancement applies.

pursuant to RCW 9.94A.137, the WEC sentencing alternative. At sentencing the State argued that Ms. Lusby was not eligible for WEC because she entered her plea after the effective date of the change in the eligibility requirements. The trial court stated at sentencing, "While the state differentiates the facts, the fact is that the legislature has taken away the—I think by statute, the opportunities in this case for the work ethic camp." Verbatim Report of Proceedings (Oct. 21, 1999) at 17. From the record, it is clear that both the State and the court were of the mistaken impression that the WEC alternative was not available to Ms. Lusby.

From 1995 until July 25, 1999, offenders were eligible for WEC if they were sentenced to between 16 months and 36 months of confinement, had no current or prior violent or sex offense convictions, and were referred by the sentencing court. Effective July 25, 1999, eligibility standards changed. Offenders are now eligible if they are sentenced to between 12.03 months and 36 months of confinement, have no current drug offenses, have no current or prior violent or sex convictions, are not subject to an Immigration and Naturalization Service detainer or deportation order, and have not participated in WEC in the past. LAWS OF 1999, ch. 197, § 5. Presently, if the court determines that the offender is eligible for WEC and is likely to qualify, it "shall impose a sentence within the standard range and *may* recommend that the offender serve the sentence at a work ethic camp." RCW 9.94A.137(2) (emphasis added). For eligible offenders to be admitted to WEC the sentencing judge must refer them. The referral is discretionary.

Pursuant to the criminal prosecution saving statute, prosecution for a criminal offense must proceed under the criminal and penal statutes in effect at the time the offense was committed unless the Legislature expresses a different intent in an amending statute. RCW 10.01.040; *State v. Kane*, 101 Wn. App. 607, 5 P.3d 741 (2000), *mot. for discretionary review denied*, No. 70093-1 (Wash. Oct. 11, 2000). The 1999 amendment affecting eligibility for WEC

does not express legislative intent to avoid the presumption of the saving statute; hence, its effect is prospective only.

Ms. Lusby's crime was committed in October 1998. The effective date of the 1999 amendment that changed eligibility criteria for WEC was July 25, 1999. If Ms. Lusby met eligibility criteria in effect as of the date of her offense, the sentencing court was free to exercise its discretion in recommending WEC. It should have made that determination on the record. The court was mistaken in its belief that WEC was unavailable to Ms. Lusby due to the 1999 amendment to the statute. Accordingly, remand is appropriate to allow the trial court to consider WEC.

## CONCLUSION

The trial court neither abused its discretion when denying Ms. Lusby's motion to compel disclosure of the CI nor when sentencing, except by failing to recognize it had discretion to order WEC.

Accordingly, we affirm Ms. Lusby's conviction and remand for resentencing in order to allow the sentencing court to exercise its discretion as to whether to include work ethic camp in Ms. Lusby's sentence.

BROWN, A.C.J., and KATO, J., concur.

Review denied at 144 Wn.2d 1005 (2001).