# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52183-1-II |
| Appellant, | |
| v. | |
| JERRY L. PETERSON, | PUBLISHED OPINION |
| Respondent. | |

MELNICK, J. — Jerry Lynn Peterson pled guilty to selling heroin for profit.[1] RCW 69.50.410(3)(a), part of the Uniform Controlled Substances Act (UCSA), states that people convicted of selling heroin for profit "shall receive a mandatory sentence of two years in a correctional facility of the department of social and health services and no judge of any court shall suspend or defer the sentence imposed for such violation." Accordingly, the trial court sentenced Peterson to 24 months under this statute and not pursuant to the standard range directed by the Sentencing Reform Act of 1981, chapter 9.94A RCW, (SRA). The State appeals, arguing that the court should have sentenced Peterson pursuant to the SRA. We affirm Peterson's sentence.

## FACTS

After law enforcement conducted several controlled buys from Peterson, she pled guilty to selling heroin for profit in violation of RCW 69.50.410(1).

---

[1] Peterson also pled guilty to possession of heroin but no appeal issues relate to that conviction or its sentence.

Peterson stipulated to an offender score of four and a criminal history that included two prior possession of a controlled substance convictions. She agreed that her standard range sentence for the selling for profit conviction would be argued at sentencing and that it was either "68+- to 100 months" or "2 years exactly." Clerk's Papers (CP) at 14. She also agreed that the selling for profit conviction had a maximum sentence of "10 years/$20,000 (Doubled from Class C Felony)." CP at 14.

At sentencing, the State argued that the SRA controlled and Peterson had a standard sentencing range of 68+ to 100 months. The State recommended a 75-month term of confinement on the selling for profit conviction. Peterson argued that under RCW 69.50.401(3)(a), she had to be sentenced to two years.

The sentencing court agreed with Peterson and sentenced her to 24 months on the selling for profit conviction. The court stated, "I think the specific statute controls on this for selling of heroin, the specific charge here, that's specifically listed in the statute under [RCW] 69.50.410(3)(a)." Report of Proceedings (June 13, 2018) at 15. The State appeals.

ANALYSIS

The State contends that the sentencing court erred in sentencing Peterson to only 24 months for the selling for profit conviction because Peterson's standard range sentence under the SRA was 68+ to 100 months. We conclude that the court properly sentenced Peterson.

I.     STANDARD OF REVIEW AND LEGAL PRINCIPLES

Deciding the application of the SRA and the UCSA on Peterson's sentence is a matter of statutory interpretation, which we review de novo. *State v. Evans*, 177 Wn.2d 186, 191, 298 P.3d 724 (2013). When possible, we find the legislature's intent "solely from the plain language" of the statute, "considering the text of the provision . . . , the context of the statute in which the

provision is found, related provisions, and the statutory scheme as a whole." *Evans*, 177 Wn.2d at 192.

In 1971, the legislature enacted the UCSA which made it a crime to manufacture, deliver, or possess controlled substances. *State v. Christman*, 160 Wn. App. 741, 750, 249 P.3d 680 (2011); RCW 69.50.401-.412. In 1981, the legislature enacted the SRA, which "contains sentencing grids that calculate a sentence range for offenders according to their offender score and the 'seriousness level' of their offense." *State v. Cyr*, 8 Wn. App. 2d 834, 837, 441 P.3d 1238 (quoting RCW 9.94A.510, .517), *review granted*, 194 Wn.2d 1001 (2019). "The UCSA delineates offenses and establishes maximum penalties, but does not set out determinate sentence ranges, which are provided for in the Sentencing Reform Act of 1981 (SRA)." *State v. Silva-Baltazar*, 125 Wn.2d 472, 476, 886 P.2d 138 (1994).

Under the SRA, drug offenders are sentenced according to the "seriousness level" attributable to their crime and their offender score. RCW 9.94A.517. Selling heroin for profit has a seriousness level of three. RCW 9.94A.518. For Peterson, who had an offender score of four, the standard range would be 68+ to 100 months. RCW 9.94A.517.

Under the USCA, RCW 69.50.410(3)(a) states that "[a]ny person convicted of . . . selling heroin shall receive a mandatory sentence of two years in a correctional facility of the department of social and health services[2] and no judge of any court shall suspend or defer the sentence imposed for such violation."

---

[2] We note that the portion of the statute relating to the Department of Social and Health Services is no longer relevant as correctional facilities are operated by the Department of Corrections. RCW 72.09.050.

II.     PETERSON'S SENTENCE

The State argues that the sentencing court should have sentenced Peterson using the sentencing grid in the SRA, RCW 9.94A.517, instead of the penalties section under the UCSA, RCW 69.50.410(3)(a), which mandated a two-year sentence.

The issue here is gleaning the legislature's intent. The penalty language that the court relied on predates the SRA; however, the statute has been amended several times, the latest time being 2003.[3]

On the other hand, the SRA governs sentencing for all felonies committed after June 30, 1984. RCW 9.94A.905. "When a person is convicted of a felony, the court shall impose punishment as provided in this chapter." RCW 9.94A.505(1). The SRA specifically refers to selling heroin for profit in the table of seriousness levels and assigns it a seriousness level of three. RCW 9.94A.518.

However, RCW 9.94A.505 contains an exception to the general rule that the SRA applies to all felonies committed after June 30, 1984. RCW 9.94A.505(2)(a)(i) states that the trial court must apply the sentencing grids "[u]nless another term of confinement applies." We reconcile RCW 9.94A.505(1) and RCW 69.50.410(3)(a) by concluding that the provision of RCW 69.50.410(3)(a) that directs offenders to receive a mandatory sentence of two years for selling heroin for profit constitutes "another term of confinement" under RCW 9.94A.505(2)(a)(i). Accordingly, RCW 69.50.410(3)(a), which calls for a mandatory two-year sentence, controls.

Additionally, the rule of lenity weighs in favor of a 24-month sentence. In general, the rule of lenity applies when a sentencing statute is ambiguous. *State v. Barbee*, 187 Wn.2d 375, 383, 386 P.3d 729 (2017). The court will then construe any ambiguity in favor of the defendant.

---

[3] LAWS OF 2003, ch. 53, § 342.

*Barbee*, 187 Wn.2d at 383. While the relevant statues here are unambiguous, they do create a sentencing ambiguity. In such case, we rule in favor of Peterson.

Lastly, we recognize there are other tangential issues regarding the dichotomy between the SRA and the UCSA that arose in the briefing and at oral argument. We want to make it clear that we are solely deciding Peterson's sentence. We are not addressing the other issues including what is Peterson's standard range; whether the sentencing court has discretion to impose an exceptional sentence; and whether Peterson would receive a mandatory ten-year sentence if she committed a second offense of selling heroin for profit under RCW 69.50.410(3)(b).[4] These issues are reserved for cases involving specific facts that squarely present them.[5]

III.    CONCLUSION

Under RCW 69.50.410(3)(a), the court properly sentenced Peterson to two years in a correctional facility. We affirm.

_____
Melnick, J.

We concur:

_____
Maxa, C.J.

_____
Sutton, J.

---

[4] While Peterson argues in her response brief that her maximum sentence did not double to ten years, she failed to file a notice of cross review to preserve this issue for appeal. *See* RAP 5.1(d).

[5] We note that some of these issues may be addressed by the Supreme Court in *Cyr*.