[No. 29665-5-I.   Division One.   July 12, 1993.]

THE STATE OF WASHINGTON, *Appellant,* v. CHARLES WILLIAMS, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Donna Wise, Senior Appellate Attorney,* for appellant.

*Lorraine Lee* of *Washington Appellate Defender Association,* for respondent.

SCHOLFIELD, J. — The State appeals the trial court's sentence of Charles Williams, arguing that because Williams sold cocaine within 1,000 feet of a school, the court was

required to enhance the sentence by 24 months. We reverse and remand for resentencing.

FACTS

On July 2, 1991, undercover police officer Wright purchased a rock of cocaine through intermediaries from Williams. The purchase took place in the area of 3rd Avenue and Yesler Way, within 1,000 feet of I-Wa-Sil, a school serving Native Americans.

Williams was charged with delivery of cocaine, in violation of RCW 69.50.401(a)(1)(i). Williams' presumptive range for the offense is 21 to 27 months, and is enhanced under RCW 9.94A.310(5) by 24 months if the delivery took place within 1,000 feet of a school. Rather than sentencing within a range of 45 to 51 months, the sentencing judge imposed a sentence of 30 months.

The State appeals from the sentence, contending that the trial court has no such discretion because the statute mandates adding 24 months and because there were no substantial and compelling reasons justifying such a departure.

■■ Interpretation of a statute is a question of law reviewed by appellate courts de novo. *Multicare Med. Ctr. v. Department of Social & Health Servs.*, 114 Wn.2d 572, 582 n.15, 790 P.2d 124 (1990). Legislative intent must be determined from the language of the statute itself. *State v. Wimbs*, 68 Wn. App. 673, 677-78, 847 P.2d 8 (1993).

The present appeal presents us with two statutes to interpret, RCW 69.50.435 and RCW 9.94A.310(5). The two have recently survived constitutional and other challenges.[1] The

---

[1] *See State v. Coria*, 120 Wn.2d 156, 839 P.2d 890 (1992) (RCW 69.50.435 is not unconstitutionally vague and does not violate defendants' equal protection); *State v. Graham*, 68 Wn. App. 878, 846 P.2d 578 (1993) (sentence enhancement can apply to accomplices; ignorance of the proximity of the school ground and absence of profit are not valid defenses); *State v. Wimbs, supra* at 679-80 (State failed to prove that delivery of the controlled substance was intended to occur within the prescribed distance of a school ground); *State v. Thomas*, 68 Wn. App. 268, 843 P.2d 540 (1992) (RCW 69.50.435 does not violate due process); *State v. Dobbins*, 67 Wn. App. 15, 834 P.2d 646 (1992) (due process and equal protection

exact question presented here — whether the trial court must add 24 months to a sentence if RCW 69.50.435 is violated — has not been decided.

RCW 69.50.401(a) prohibits drug dealing. RCW 69.50.435 provides an additional penalty for drug dealing within 1,000 feet of certain drug free zones, such as schools and school bus stops. Since enactment in 1989, RCW 69.50.435 has been amended three times, and presently states in pertinent part:

> (a) Any person who [delivers cocaine] . . . to a person . . . within one thousand feet of . . . school grounds . . . *may be punished* by . . . up to twice the imprisonment otherwise authorized by this chapter . . . The provisions of this section shall not operate to more than double the fine or imprisonment otherwise authorized by this chapter for an offense.

(Italics ours.) Previously, rather than using the phrase "may be punished", the statute stated that the crime of violating RCW 69.50.401 "is punishable" by up to twice the imprisonment otherwise authorized. Williams argues that as amended, RCW 69.50.435 grants discretion to the trial court because the Legislature added "may".

> Where a [statute] contains both the words "shall" and "may," it is presumed that the lawmaker intended to distinguish between them, "shall" being construed as mandatory and "may" as permissive.

*Scannell v. Seattle*, 97 Wn.2d 701, 704, 648 P.2d 435 (1982). RCW 69.50.435 utilizes both "may" and "shall".

The Uniform Controlled Substances Act, of which RCW 69.50.435 is a part, predates the Sentencing Reform Act of 1981 (SRA), RCW 9.94A, and consequently provides maximum penalties but no determinate sentence ranges. Sections of the act predating the SRA utilize the term "may", as in, "may be imprisoned for not more than" a number of years.[2]

---

not violated by RCW 69.50.435), *review denied*, 120 Wn.2d 1028 (1993); *State v. Carter*, 64 Wn. App. 90, 823 P.2d 523 (1992) (sentence enhancement statute is not constitutionally required to have a mens rea element and does not violate due process or equal protection).

[2]For example, RCW 69.50.401(b)(1)(i) states that any person who violates the statute with respect to a narcotic drug "may be imprisoned for not more than ten

The amendment utilizing "may" brought the terminology of RCW 69.50.435 into conformity with the rest of RCW 69.50-.401.

Looked at closely, both phrases — "may be punished" and "is punishable" — are equally permissive. RCW 69.50.435 gives a trial court discretion to sentence "up to" double the imprisonment otherwise authorized. Similarly, RCW 69.50-.401(a) provides for punishment "up to" a certain number of years. We perceive no difference in the meaning of "is punishable up to" and "may be punished up to". Thus, we find the amendment effected no substantive change.

Regardless of how much discretion is inherent in the former and present versions of RCW 69.50.435, the statute does not enlighten us as to what the sentence must be under the SRA. Even under interpretation of the older version of RCW 69.50-.435, the statute applied only to the maximum term. *State v. Lua*, 62 Wn. App. 34, 43, 813 P.2d 588, *review denied*, 117 Wn.2d 1025 (1991).

Because Washington now has determinate sentences under the SRA, it is the SRA that controls sentencing. RCW 9.94A.120 ("When a person is convicted of a felony, the court shall impose punishment as provided in this section."). There is no question that the SRA dictates the sentence for Williams' offense. The SRA enhancement statute at issue, RCW 9.94A.310(5), is triggered if the State proves beyond a reasonable doubt the essential elements of the allegation under RCW 69.50.435(a). *Wimbs*, 68 Wn. App. at 677. RCW 9.94A-.310(5) provides:

> An additional twenty-four months shall be added to the presumptive sentence for any ranked offense involving a violation of chapter 69.50 RCW if the offense was also a violation of RCW 69.50.435.

Williams argues that the more specific statute, RCW 69.50-.435, applies over this SRA provision, and that even if RCW 9.94A.310(5) applies, it merely broadens the sentencing range by adding 24 months to the top range only. Williams thus

---

years . . .". Similarly, violators of other drug crimes "may be imprisoned for not more than" the prescribed number of years.

argues that his presumptive sentence ranges from 21 to 51 months rather than 45 to 51 months, and that his 30-month sentence was properly within the range.

Williams' interpretation is mistaken. The more specific statutory language is that of the SRA.

> Whereas RCW 69.50.435 authorizes in general terms an enhancement of the penalty for drug dealing in a drug free zone, RCW 9.94A.310(5) renders that enhancement more specific. Under RCW 9.94A.310(5), 24 months must be added to the presumptive sentence for any violation of RCW 69.50.435.

*State v. Coria*, 120 Wn.2d 156, 162, 839 P.2d 890 (1992).

If the Legislature meant to broaden the range in such a fashion as Williams argues, rather than elevating the high and low ends of the range, it could have phrased RCW 9.94A.310(5) to say that an additional 24 months be added to the *top range* of the presumptive sentence for the applicable offense. The Legislature did not say that, or anything close to it.

Furthermore, RCW 9.94A.310(5) does not mention the term "range", or "presumptive range". Rather, it speaks of adding 24 months to the "presumptive sentence". The "presumptive sentence" in the present case is anywhere from 21 to 27 months. It defies logic (and semantics) to argue that the Legislature meant to add 24 months only to the upper range of a presumptive sentence of 27 months and not to a lower range presumptive sentence of 21 months. " 'If the statutory language is plain and unambiguous, the court's inquiry must end, for a statute's meaning must be derived from the wording of the statute itself.' " *State v. Wilbur*, 110 Wn.2d 16, 19, 749 P.2d 1295 (1988) (quoting *State v. Von Thiele*, 47 Wn. App. 558, 562, 736 P.2d 297, *review denied*, 108 Wn.2d 1029 (1987)). Any presumptive sentence will necessarily be within the 21- to 27-month range; thus, adding 24 months results in a new sentence in the range of 45 to 51 months. The language is mandatory, as well: "An additional twenty-four months *shall* be added to the presumptive sentence . . .". (Italics ours.) RCW 9.94A.310(5).

From this, we are persuaded that under RCW 9.94A.310(5) and RCW 69.50.435, the Legislature did not mean to expand

the range by 24 months, but rather, to add 24 months to standard range sentences. This interpretation conforms with *Lua*, which, albeit in a different context (affirming an additional 24 months to the standard range sentence), states the following:

> The legislative intent behind the sentence enhancement provision of RCW 9.94A.310(5) was to require the court, after determining the appropriate standard range sentence for a particular defendant, to add an additional 24 months to the standard range sentence, not to enlarge the range itself.

*Lua*, at 43.

Reversed and remanded for resentencing within the 45- to 51-month range.

WEBSTER, C.J., and KENNEDY, J., concur.

Review denied at 123 Wn.2d 1011 (1994).