[No. 34355-6-I.    Division One.    April 3, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. SAMMY DARNELL SHANNON, *Appellant*.

*Eric J. Nielsen,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Gregory Jackson, Deputy,* for respondent.

WEBSTER, J. — Sammy Shannon appeals a sentence enhancement for cocaine delivery in a drug free zone.

## FACTS

A November 1993 Seattle police buy-bust operation resulted in Sammy Shannon's arrest; the buy occurred at Third and Yesler in downtown Seattle. Shannon was charged with one count of cocaine delivery in violation of RCW 69.50.401(1)(d), and the information also alleged delivery within 1,000 feet of the perimeter of school grounds. Shannon's omnibus application moved to dismiss the "school zone allegation on grounds that I-WA-SIL does not meet definition of a school as set forth in Washington Administrative Code." (The school name was amended to Youth Education Program, hereinafter YEP.) Shannon's basis for dismissing the school zone allegation changed when the motion was argued:

> It's our contention, in light of the location of the school, that being on the third floor of a downtown office building, that it would be legally impossible to have the delivery occur within

school grounds when no such grounds exists, and so therefore we're asking the court, as a matter of law, to dismiss that allegation.

The court denied Shannon's motion.

YEP is a Seattle Public Schools alternative program serving 15- to 21-year-olds, who have flexible school hours. YEP operates out of five classrooms and three offices comprising half of the third floor of the Alaska Building at Second and Cherry. There is no playground nor other grounds appurtenant to the school. A Seattle Engineering Department specialist, using maps and on-site analysis, testified that the distance from the far side of the Alaska Building to Third and Yesler was less than 1,000 feet, taking into account the school's third floor location.

The jury was instructed on the school zone allegation:

> To find the defendant guilty of the school zone allegation as charged, you must find beyond a reasonable doubt that the defendant delivered a controlled substance within one thousand feet of the perimeter of school grounds.
>
> . . . .
>
> Perimeter means the outer boundary of a figure or area.

The defense did not propose a definition of "school grounds", and did not except to the court's instructions. By special verdict, the jury found Shannon to have delivered a controlled substance within 1,000 feet of the perimeter of school grounds. Shannon's offender score was 3, the seriousness level was 8, and the court sentenced Shannon at the bottom of the 60-month standard range.

## DISCUSSION

Shannon contends insufficient evidence supports the special jury verdict, which found cocaine delivery within 1,000 feet of school grounds. The evidence is allegedly insufficient because the school, entirely contained within four walls on the third story of a building, "had no school grounds".

■ Washington law provides for an enhanced sentence for delivering drugs within drug free zones:

> Any person who violates RCW 69.50.401(a) by manufacturing, selling, delivering, or possessing with the intent to manu-

facture, sell, or deliver a controlled substance listed under that subsection or who violates RCW 69.50.410 by selling for profit any controlled substance or counterfeit substance classified in schedule I, RCW 69.50.204, except leaves and flowering tops of marihuana to a person in a school or on a school bus or within one thousand feet of a school bus route stop designated by the school district or within one thousand feet of the perimeter of the school grounds, in a public park or on a public transit vehicle, or in a public transit stop shelter may be punished by a fine of up to twice the fine otherwise authorized by this chapter, but not including twice the fine authorized by RCW 69.50.406, or by imprisonment of up to twice the imprisonment otherwise authorized by this chapter, but not including twice the imprisonment authorized by RCW 69.50.406, or by both such fine and imprisonment. . . .

RCW 69.50.435(a). The penalty enhancement, for selling within 1,000 feet of the perimeter of school grounds, plainly extends the zone of protection outward from all real property comprising the school and supporting its activities. Appellant confuses "school grounds" with "playground". *Cf.* 21 U.S.C. § 860(a) (Supp. II 1990) ("within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university, or a playground"). "School grounds" is broader than shrubbery or playgrounds; it includes both the physical plant and appurtenant property, if any. Therefore, the absence of appurtenant property does not deprive a school of the drug free zone protection because the school's physical plant is part and parcel of "school grounds".[1]

The 1,000-foot measurement of the prohibited zone is accomplished by "extending radii outward around the property on which the school is located". *United States v. Clavis*, 956 F.2d 1079, 1088 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1619 (1993); *State v. Wimbs*, 74 Wn. App. 511, 515, 874 P.2d 193 (1994). Under Appellant's interpretation, if the school's physical plant straddled the property line, the 1,000-foot

---

[1]Because the statutory language is susceptible of only one reasonable interpretation, the rule of lenity is inapplicable. *State v. McGee*, 122 Wn.2d 783, 787, 864 P.2d 912 (1993).

radii would only extend from dirt, landscaping, or play areas adjacent to the school. The untenable nature of Appellant's interpretation is demonstrated by the strained effect it would have on the word "perimeter", in the phrase "within one thousand feet of the perimeter of the school grounds". RCW 69.50.435(a).

The broad definition of "school grounds" elucidated above is compelled by other provisions in the same statute. *State v. Huntley*, 45 Wn. App. 658, 661, 726 P.2d 1254 (1986). The evidentiary subsection provides:

> In a prosecution under this section, a map produced or reproduced by any municipal, school district, county, or transit authority engineer for the purpose of depicting the location and boundaries of the area on or *within one thousand feet of any property used for a school*, school bus route stop, public park, or public transit vehicle stop shelter, or a true copy of such a map, shall under proper authentication, be admissible and shall constitute prima facie evidence of the location and boundaries of those areas if the governing body of the municipality, school district, county, or transit authority has adopted a resolution or ordinance approving the map as the official location and record of the location and boundaries of the area on or within one thousand feet of the school, school bus route stop, public park, or public transit vehicle stop shelter.

(Italics ours.) RCW 69.50.435(e). Another provision prevents the defendant from arguing unawareness that the proscribed act occurred "within one thousand feet of the school". RCW 69.50.435(b). These two provisions could not be read consistently with RCW 69.50.435(a) if Appellant's restrictive interpretation of "school grounds" was correct. *Cf. United States v. Hohn*, 8 F.3d 1301, 1307 (8th Cir. 1993) (even though school was closed for remodeling, drug distribution within 1,000 feet was subject to penalty enhancement).

The above plain language interpretation also comports with the statute's purpose of discouraging the development of violent and destructive drug culture in areas where there are children. *State v. Silva-Baltazar*, 125 Wn.2d 472, 483, 886 P.2d 138 (1994). Every school, even those lacking appur-

tenant playgrounds or landscaping, is a place where children may be present; just as their absence at the time of the transaction is not a defense, neither is their inability to congregate or play on school property outside the building housing their school. RCW 69.50.435(c); *see also Jackson v. State*, 582 So. 2d 598, 601 (Ala. Crim. App. 1991) (Alabama Legislature "intended to create a drug-free atmosphere on our school grounds as well as a permanent, drug-free buffer-zone around these areas"). Sentence enhancement is mandated for drug transactions occurring within "drug free zones" because of the "concomitant crimes and risk of harm" with which they are associated. *State v. McGee*, 122 Wn.2d 783, 790, 864 P.2d 912 (1993).

We affirm.

BAKER, A.C.J., and AGID, J., concur.