[Nos. 35342-0-I; 35574-1-I. Division One. January 16, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. DONALD F. BECKER, *Appellant.*

THE STATE OF WASHINGTON, *Respondent*, v. NELSON GANTT, *Appellant.*

*Kitteridge Oldham* of *Washington Appellate Defender Association*; and *Nielsen & Acosta*, for appellant Becker.

*Melissa D. Johnson De Groff* and *Stella S. Buder* of *Washington Appellate Project*, for appellant Gantt.

*Norm Maleng, Prosecuting Attorney*, and *Rod H. Scarr* and *Steven W. Fogg, Deputies*, for respondent.

WEBSTER, J. — Donald Becker and Nelson Gantt appeal sentence enhancements for cocaine delivery in a school zone. They argue that (1) the court's refusal of proposed jury instructions precluded them from arguing their theory of the case, (2) there was insufficient evidence that the Youth Education Program (YEP) is a school and that it has school grounds, (3) application of the enhancement in

this case violates due process, and (4) the court's special verdict form was an improper comment on the evidence. We affirm.

## FACTS

A jury found defendants guilty of delivering cocaine and, by special verdict, found that the delivery took place within 1,000 feet of a school, the Youth Education Program (YEP). Because the defendants were tried together, we consolidate their cases on review. RAP 3.3.

YEP is a General Equivalency Degree (GED) program for students under 21 who are unable to complete a more traditional high school program. The program serves approximately 80 students and is located on the third floor of the Alaska Building (an office building located on Second Avenue in Seattle). YEP does not have a sign outside the Alaska Building, but is listed on the building directory and on the third floor as "Seattle Public Schools Youth Education Program."

YEP is part of the Seattle School District and its curriculum is governed by the State Superintendent of Public Instruction. YEP is publicly funded and offers classes in language arts, math, social studies, and science, as well as courses in drug and alcohol education, teen parenting, and conflict resolution. Many of the teachers are state-certified. Although students cannot earn a high school diploma at YEP, they can transfer credit for YEP classes to traditional high schools.

## DISCUSSION

### School Zone Penalty Enhancement

Because several of defendants' contentions relate to the definition of "schools" for purposes of the sentence enhancement, we begin with a general discussion of the statutory framework.

When a defendant violates the Uniform Controlled Substances Act "in a school" or "within one thousand feet

of the perimeter of the school grounds," the confinement portion of the sentence is enhanced by 24 months. RCW 69.50.435(a); 9.94A.310(5). The burden is on the State to prove beyond a reasonable doubt that YEP is a school. *State v. Lua*, 62 Wn. App. 34, 42, 813 P.2d 588, *review denied*, 117 Wn.2d 1026, 820 P.2d 510 (1991).

The school zone enhancement statute, RCW 69.50-.435(f)(1), incorporates the following statutory definitions of "school":

> Public schools shall mean the common schools as referred to in Article IX of the state Constitution and those schools and institutions of learning having a curriculum below the college or university level as now or may be established by law and maintained at public expense.

RCW 28A.150.010.

> "Common schools" means schools maintained at public expense in each school district and carrying on a program from kindergarten through the twelfth grade or any part thereof including vocational educational courses otherwise permitted by law.

RCW 28A.150.020.

Defendants contend that YEP must be a "common school" and that common schools are "further defined" by statutes and administrative rules setting out various requirements such as reciting the pledge of allegiance, celebrating Temperance Day, and offering specific courses. *See, e.g.*, RCW 28A.230.020, .140.

■ We disagree. RCW 28A.150.010 recognizes that public schools include common schools *and* schools and institutions of learning maintained at public expense with a curriculum below the college or university level. A school need not be a common school for purposes of the sentence enhancement.

■ Furthermore, the common schools statutes establish requirements, but do not eliminate a school's status as a common school for failure to meet the requirements. For

example, Donna Marshall testified that the traditional middle and high schools in the Seattle School District do not recite the pledge of allegiance. Thus, the State need not prove that YEP meets every statutory requirement for common schools. Rather, a school is a common school if it is "maintained at public expense" and carries on any part of a "program from kindergarten through the twelfth grade . . . ." RCW 28A.150.020. *See State v. Vasquez*, 80 Wn. App. 5, 9, 906 P.2d 351 (1995).

We now turn to defendants' specific contentions.

Jury Instructions Defining "School"

Becker proposed a jury instruction defining "common schools" composed of various statutory and administrative requirements for common schools. Defendants argue that the court's refusal of the instruction prohibited them from arguing their theory of the case — that YEP was not a school because it failed to strictly adhere to statutory requirements for common schools.

■■ Courts are not required to give instructions which are erroneous in any respect. *State v. Hoffman*, 116 Wn.2d 51, 110-11, 804 P.2d 577 (1991). Because schools need not be common schools for the sentence enhancement to apply and because the statutory and administrative requirements are not definitional, the court's refusal of the proposed instruction was not an abuse of discretion.

Sufficiency of the Evidence That YEP Is a School

Defendants assert that there was not sufficient evidence that YEP is a school because the State did not prove that it strictly complies with statutory and administrative requirements for common schools.

■ In reviewing the sufficiency of the evidence, the court examines whether any rational trier of fact could have found the essential elements beyond a reasonable doubt, viewing the evidence in the light most favorable to the state. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (quoting *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).

■ Donna Marshall, program manager for the Inter-agency School, an umbrella organization which includes YEP, testified that YEP is funded by the state and part of the Seattle School District. She stated that the curriculum is governed by the State Superintendent of Public Instruction and includes traditional high school-level courses for high school-aged students. A rational juror could have determined that YEP was a school as defined by RCW 28A.150.010 and 28A.150.020.

### Sufficiency of the Evidence That YEP Has School Grounds

Defendants also argue that the State failed to prove that YEP has school grounds because it is on the third floor of an office building.

■ ■ The sentence enhancement applies when the offense is committed "within one thousand feet of the perimeter of *the school grounds . . . .*" RCW 69.50.435(a) (emphasis added). In *State v. Shannon*, 77 Wn. App. 379, 382, 892 P.2d 757 (1995), we held that the Legislature intended to protect students at every school, including those which lack appurtenant property.

Defendants distinguish *Shannon* because the court in this case instructed the jury that "grounds" means "the land surrounding or attached to a house or other building." This instruction is the law of the case. *State v. Ng*, 110 Wn.2d 32, 39, 750 P.2d 632 (1988). Because a rational juror could have determined that the Alaska Building is "attached" to the land below it, there was sufficient evidence that YEP has school grounds as defined by the instruction. Although sufficient evidence supported the jury's determination, the trial court did not have the benefit of *Shannon* when instructing the jury. Courts should utilize *Shannon*'s definition of "school grounds" when evaluating proposed instructions in the future. *Shannon*, 77 Wn. App. at 382.

## Due Process

Defendants argue that the application[1] of the sentence enhancement in this case violates due process. They claim there was no readily ascertainable means by which they could have discovered that their actions took place near a school since YEP is located in an office building without exterior signs or playgrounds.

■ The right to due process under the Fourteenth Amendment requires that statutes give citizens fair warning of what conduct is prohibited. *Spokane v. Douglass*, 115 Wn.2d 171, 178, 795 P.2d 693 (1990) (citing *Rose v. Locke*, 423 U.S. 48, 49, 96 S. Ct. 243, 46 L. Ed. 2d 185 (1975)). Under the due process clause, a statute is found unconstitutionally vague only when a challenger proves beyond a reasonable doubt that either (1) the statute does not define the offense with sufficient definiteness that ordinary people can understand what conduct is proscribed, or (2) the statute fails to provide "ascertainable standards of guilt to protect against arbitrary enforcement." *Douglass*, 115 Wn.2d at 178.

■ Due process does not require drug dealers to know they are transacting in a drug free zone. *State v. Coria*, 120 Wn.2d 156, 165, 839 P.2d 890 (1992); *United States v. Falu*, 776 F.2d 46 (2nd Cir. 1985). In *Falu*, the appellant argued that the federal schoolyard statute failed to provide fair notice· of prohibited conduct, describing urban areas where schools were not clearly visible or "readily identifiable" as schools. *Falu*, 776 F.2d at 49. The federal court held that, although "some schools are not clearly recognizable as such from all points within the 1,000-foot radius,

---

[1]The sentence enhancement itself does not violate due process because it is rationally related to restricting school children's access to drugs. *State v. Dobbins*, 67 Wn. App. 15, 21, 834 P.2d 646 (1992), *review denied*, 120 Wn.2d 1028, 847 P.2d 481 (1993).

Congress evidently intended that dealers and their aiders and abettors bear the burden of ascertaining where schools are located and removing their operations from those areas or else face enhanced penalties." *Id.* at 50.

The Washington Supreme Court rejected a due process challenge to the application of the sentence enhancement to transactions occurring within 1,000 feet of school bus stops even though there were no bus stop signs and children only used the stops intermittently. *Coria,* 120 Wn.2d at 167. The court found that sufficient information of the bus stop locations was available by observing the gathering of children at the stops or contacting local schools or the school district's director of transportation. *Id.* The court recognized that it may be unrealistic to expect drug dealers to take these steps, but found that irrelevant to the question of whether the statute is unconstitutionally vague. *Id.* Similarly, interested persons could ascertain YEP's location by observing the 80 students entering and exiting the Alaska Building, reading YEP's listing in the building directory, or contacting the Seattle School District.

Becker points out that the State Superintendent of Public Instruction (SPI) does not list YEP in its database and notes that, in *Coria,* only bus stops on the map that the school district submitted to SPI could subject an individual to enhanced punishment. *Id.* at 174. That statement was not part of *Coria*'s due process discussion. Rather, because the sentence enhancement statute defines "school bus route stops" as those designated on maps submitted to SPI, those were the only stops to which the enhancement could apply by statute. RCW 69.50.435(f)(3). Moreover, the Interagency School, an umbrella organization which encompasses YEP, is listed in SPI's database. An interested person could contact the Interagency School to inquire about YEP's location.

Applying the Supreme Court's rationale in *Coria,* we find that there were constitutionally sufficient means of

ascertaining YEP's location and reject the due process challenge.

## Special Verdict Form

The court's special verdict forms asked the jury whether each of the defendants were "within 1000 feet of the perimeter of school grounds, to wit: Youth Employment Education Program School at the time of the commission of the crime."

Becker alleges that the forms violated Article IV, Section 16 of the Washington Constitution, which provides that "[j]udges shall not charge juries with respect to matters of fact, nor comment thereon, but shall declare the law." He contends that the wording of the forms violated this provision in three ways.

First, Becker alleges that, by including YEP's name in the special verdict form, the judge instructed the jury that YEP is a school, removing the factual question of whether it is a school from the jury.

In a criminal case, a court cannot instruct a jury that matters of fact have been established as matters of law. *State v. Ager*, 75 Wn. App. 843, 866, 880 P.2d 1017 (1994), *rev'd on other grounds*, 128 Wn.2d 85, 904 P.2d 715 (1995). We consider jury instructions in their entirety. *Hamilton v. Department of Labor & Indus.*, 111 Wn.2d 569, 573, 761 P.2d 618 (1988). In explaining the jury's duty regarding the special verdict form, instruction 23 instructed the jury that, if it found the defendants guilty, it must determine whether or not the crime took place in the proximity of a school ground. The instruction specifically stated that if the jury had a "reasonable doubt that the defendant delivered the controlled substance within one thousand feet of a perimeter of a school ground," it must answer the special verdict "no." Given this language and the instructions defining school, perimeter, and grounds, we find that the jury's duty to determine whether YEP was a school was clear. The inclusion of YEP's name

in the special verdict form specified the institution the jury was to consider; it did not instruct the jury that YEP was a school.

█ Second, Becker contends that the judge's inclusion of YEP's name in the special verdict form was an improper comment on the evidence. A judge impermissibly comments on the evidence by expressing a personal opinion on the merits of the cause. *State v. Ciskie*, 110 Wn.2d 263, 285, 751 P.2d 1165 (1988). The mere inclusion of the school's name in the special verdict form does not indicate the judge's personal belief that YEP was a school.

Third, Becker alleges that the improper inclusion of the word "school" in YEP's name in the special verdict form was also a comment on the evidence.[2] Although he correctly points out that the form misidentified YEP (the Youth Education Program) as the Youth Employment Education Program School, the judge's use of the wrong name does not express his personal belief that YEP is a school. *Ciskie*, 110 Wn.2d at 283.

We affirm.

BAKER, C.J., and COLEMAN, J., concur.

Review granted at 129 Wn.2d 1013 (1996).

---

[2]Becker does not allege any nonconstitutional error, presumably because neither defendant objected to the special verdict form at trial. *See* RAP 2.5.