[No. 34215-1-I.    Division One.    September 9, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL A. BYRD, *Appellant*.

510

*Eric Broman* and *Nielsen & Acosta*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Erin Riley, Deputy*, for respondent.

BAKER, C.J. — Michael Byrd appeals a conviction for the delivery of cocaine, arguing that the court's failure to enter his findings and conclusions after his suppression hearing is reversible error. Because the court has since filed its findings and conclusions and Byrd alleges no further prejudice, we affirm the conviction. On cross appeal, the State challenges the trial court's dismissal of a school zone enhancement for failure to prove the legal boundaries of the school property, arguing that proof of ownership is not required to establish the location of school grounds under RCW 69.50.435. Although we disagree with the State's characterization of the trial court's rationale,

we agree that proof of legal property boundaries is not necessary to establish the location of school grounds, and therefore reverse and remand for resentencing.

## FACTS

Police arrested Byrd for delivery of cocaine during a buy/bust operation. During his trial, the State attempted to prove that the crime occurred within 1,000 feet of school grounds, thus requiring a sentence enhancement under RCW 69.50.435(a). The State did not offer the type of map approved by RCW 69.50.435(e) to establish the location of the school grounds, instead relying upon two other maps and the testimony of an engineer and a school administrator.

The engineer transposed the boundaries of the school as displayed on a commercial (Kroll) map to an engineering map showing more accurate distance measurements. He also transposed the location of the drug transaction as it was marked on the Kroll map by the purchasing police officer. Comparing the two locations, the engineer testified that the transaction occurred 860 feet from school grounds, or within 900 feet when taking into account the highest margin of error. On cross examination, he testified that he had no personal knowledge of the location of the school grounds or whether their location as depicted on the Kroll map was accurate. He concluded that he could not verify their location without a legal description of the property.

A school administrator described the location of the school grounds as he knew them to be from performing his duties. The administrator's duties included controlling the movements of students and visitors to the campus. He stated that the school operated a closed campus, and that the perimeter of the areas used for student activities was fenced and marked with signs identifying them as school property. The administrator concluded that the boundaries portrayed on the Kroll map and transposed to the

engineering map accurately corresponded to the physical boundaries he knew. He also stated on cross examination that although he knew the physical boundaries of the school grounds based on the use thereof, he had no knowledge of the legal property boundaries.

After the jury returned a verdict of guilty and found that the offense occurred within a school zone, the trial court granted a previous defense motion to dismiss the school zone allegation for insufficient evidence.

## I

■ Byrd urges the reversal of his conviction for the trial court's failure to enter CrR 3.6 findings and conclusions, arguing that the oral ruling is insufficient for effective appellate review. While we agree with Byrd that the failure of prosecutors and courts to enter timely findings and conclusions has become a serious problem, we will not reverse a conviction on this basis where the delay causes no prejudice to the defendant. Even where the court fails to enter CrR 3.6 findings and conclusions until after the appellant's opening brief is filed, we will reverse only if the appellant can establish that he or she was prejudiced by delay, or that the findings and conclusions were tailored to meet the issues presented in the brief.[1] Because Byrd does not appeal the denial of the suppression motion, he cannot demonstrate prejudice. He submits no brief in reply, and does not allege tailoring. We therefore affirm his conviction.

## II

In its cross appeal, the State argues that the court erred when it interpreted the school zone enhancement statute[2] to require proof of the ownership of school grounds. Actu-

---

[1]*State v. Nelson*, 74 Wn. App. 380, 385, 393, 874 P.2d 170, *review denied*, 125 Wn.2d 1002 (1994).

[2]RCW 69.50.435.

ally, the court ruled that the State "failed to establish the right of the school to assert its jurisdiction or its control over a certain area and that the location of the ground or perimeter may be different from what is shown on the map." Accordingly, we focus on whether the State must prove legal "jurisdiction or control" over property, not whether it must prove that the school itself owned the property.

█ The trial court correctly noted that the record does not include proof of the legal right of the school to "assert its jurisdiction or its control" over the areas alleged to be school grounds. The evidence did establish, however, that the school authorized its students to regularly use the area described on the maps for school purposes. Accordingly, the issue is whether the State can define the boundaries of "school grounds" by school sanctioned student use of property for school activities or whether it must show legal entitlement to use the property for those purposes. The governing statutes, including RCW 69.50.435 and the definitions of "school" at RCW 28A.150.010-.020, do not explicitly define "school grounds."

While this court recently held that "school grounds" can include a school building with no appurtenant property,[3] we have not addressed whether a school must be able to legally exercise dominion and control over the area it occupies in order for the property to constitute its "grounds."[4] A plain reading of the school zone enhancement statute reveals that it need not. The statute describes

[3]*State v. Shannon*, 77 Wn. App. 379, 382, 892 P.2d 757 (1995) (holding that the downtown office space occupied by the Youth Education Program, a public school on the third floor of an office building, was school grounds despite its lack of appurtenant property). *See also State v. Becker*, 80 Wn. App. 364, 908 P.2d 903, *review granted*, 917 P.2d 576 (1996).

[4]We do not rely on the State's citation to *State v. Henderson*, 64 Wn. App. 339, 824 P.2d 492, *review denied*, 119 Wn.2d 1004 (1992). There, we held that a plat map was not necessary to prove the boundaries of a city park for the purposes of a sentence enhancement for delivery of a controlled substance in a drug zone; testimony of the city planner that the park boundaries contained the parking lot in which the transaction occurred was sufficient. *Henderson*, 64 Wn. App. at 342. The defendant in that case did not argue that the statute required proof of a legal right to exercise dominion and control over the park property.

the types of maps that will constitute prima facie evidence of the "location and boundaries of the area on or within one thousand feet of *any property used for a school.*"[5] This language focuses the inquiry on the actual use of the property for school purposes, and not the legal entitlement to do so.

■ Our interpretation is consistent with the legislative purposes behind the enhancement statute. The obvious purpose of the school zone provision is to eradicate drug trafficking from places in which children congregate, thereby preventing the introduction of drug use to school children.[6] To require proof of the legal right to occupy property used for a school would frustrate this purpose, and would be a wasteful digression.

■ There was ample evidence that the boundaries on the maps represented property actually used for school purposes. The school administrator testified without contradiction that the map boundaries reflected the marked, fenced-in areas where students were free to roam during school hours. The engineer testified that the distance of the transaction from the perimeter shown by the maps was at most 900 feet. Therefore, the jury could find beyond a reasonable doubt that the transaction occurred within 1,000 feet of school grounds, and the trial court erred when it dismissed the allegation. Because the imposition of a school zone enhancement is mandatory where supported by sufficient evidence,[7] we reverse and remand to the trial court for resentencing.

GROSSE and AGID, JJ., concur.

Review denied at 130 Wn.2d 1027 (1997).

---

[5](Emphasis added.) RCW 69.50.435(e).

[6]*See State v. Coria*, 120 Wn.2d 156, 839 P.2d 890 (1992) (applying a due process analysis).

[7]*State v. Williams*, 70 Wn. App. 567, 571-72, 853 P.2d 1388 (1993), *review denied*, 123 Wn.2d 1011 (1994).