[No. 26875-6-III.   Division Three.   July 24, 2008.]

*In the Matter of the Postsentencing Review of* RAY ROY GUTIERREZ.

*Robert M. McKenna, Attorney General*, and *Ronda D. Larson, Assistant*; and *James L. Nagle, Prosecuting Attorney*, and *Gabriel E. Acosta, Deputy*, for petitioner.

*Dennis W. Morgan*, for respondent.

¶1 KORSMO, J. — The Department of Corrections (DOC) filed a postsentence petition challenging the computation of Ray Roy Gutierrez's DOSA[1] sentence. DOC contends that the suspended portion of a DOSA sentence cannot include any time that arises from a sentencing enhancement. Believing that the trial court properly calculated the sentence, we dismiss the petition.

¶2 After reaching a plea agreement, Mr. Gutierrez pleaded guilty in the Walla Walla County Superior Court to

---

[1] Drug Offender Sentencing Alternative. *See* RCW 9.94A.660.

the crime of delivery of a controlled substance (oxycodone) and the accompanying enhancement that the offense occurred within 1,000 feet of a school bus route. The school bus route enhancement added 24 months to a sentence range that would otherwise have been 12 to 20 months. The trial court thus recognized a range of 36 to 44 months at sentencing. The parties jointly recommended a DOSA sentence, which the trial court accepted. Pursuant to the command of RCW 9.94A.660, the court imposed a midpoint sentence of 40 months and suspended half of that time, effectively requiring Mr. Gutierrez to serve 20 months in prison and 20 months on community custody.

¶3 DOC, believing that legislation passed in 2006 required the entire 24-month enhancement to be served in confinement, twice requested the trial court to change the sentence. When the trial judge declined to do so, the DOC filed a postsentence petition with this court. *See* RCW 9.94A.585(7). Counsel was appointed for Mr. Gutierrez. The prosecuting attorney declined to take part in this action in light of the plea agreement.

■■■ ¶4 The DOSA statute requires a trial court to impose a sentence at the middle of the sentencing range and divide that time evenly between incarceration and community custody. RCW 9.94A.660(4). In relevant part, RCW 9.94A.660(5), applicable to this case because of the prison length standard range, states:

The prison based alternative shall include:

(a) A period of total confinement in a state facility for one-half of the midpoint of *the standard sentencing range* or twelve months, whichever is greater. . . .

(b) The remainder of the midpoint of *the standard range* as a term of community custody which must include . . . .

(Emphasis supplied.)

¶5 As amended in 2006, and in effect at the time of this crime, RCW 9.94A.533(6), governing drug crime enhancements, provided:

> An additional twenty-four months shall be added to *the standard sentence range* for any ranked offense involving a violation of chapter 69.50 RCW if the offense was also a violation of RCW 69.50.435 or 9.94A.605. All enhancements under this subsection shall run consecutively to all other sentencing provisions, for all offenses sentenced under this chapter.

(Emphasis supplied.) The second sentence of this section was added by Laws of 2006, ch. 339, § 301.

¶6 The Department, treating the phrase "the standard sentence range" as if it is a term of art, reads the first sentence of subsection (6) to mean the enhancement is a separate sentencing provision from the base "standard range" and that only the latter is considered when determining a DOSA sentence. In this case DOC argues that Mr. Gutierrez must serve a 24-month enhancement and that the DOSA portion of his sentence would be based on a 16-month sentence—the midpoint of the original 12- to 20-month range—split into an additional eight months' incarceration and eight months of community custody.

¶7 This approach to the statute has some facial appeal. Indeed, the parties appear to accept this construction as correct and address most of their arguments to whether or not DOC can upset the plea bargain by correcting the sentence. For several reasons, however, we are not convinced that the trial court erred. The Department's reading of the DOSA statute is at odds with other Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, provisions and with longstanding practice in construing the phrase "standard sentence range." In addition, nothing in the 2006 legislative history shows the intent to change the approach to calculating sentence ranges.

¶8 First of all, the statutory definition does not suggest the phrase is meant to apply only to unenhanced "base" ranges. " 'Standard sentence range' means the sentencing court's discretionary range in imposing a nonappealable sentence." RCW 9.94A.030(44). This definition does not suggest that it is a term of art for the unenhanced "base" range. Case law on exceptional sentences bears out this

approach. Courts have many times dealt with exceptional sentence appeals involving "enhanced" sentences. Uniformly, the enhanced range is considered a standard range term and a departure from that range is an exceptional sentence. *E.g.*, *State v. Silva-Baltazar*, 125 Wn.2d 472, 475, 886 P.2d 138 (1994) ("An enhanced sentence is not an exceptional sentence, which allows the court to sentence outside the presumptive or standard sentencing range."); *State v. Williams*, 70 Wn. App. 567, 571-573, 853 P.2d 1388 (1993), *review denied*, 123 Wn.2d 1011 (1994).

¶9 This approach is also consistent with the command of the first sentence of RCW 9.94A.533(6) that the enhancement be *added* to the range rather than treated as a separate sentencing provision. Courts have routinely interpreted this command, as in the case of other enhancements, as increasing each end of the initial base range by the length specified for the enhancement.

> The structure of the SRA is that a sentencing court calculates a standard range sentence by applying the defendant's offender score with the seriousness level of a crime. The court then adds any enhancements to a given base sentence.

*In re Post Sentencing Review of Charles*, 135 Wn.2d 239, 254, 955 P.2d 798 (1998); *accord Silva-Baltazar*, 125 Wn.2d 472; *Williams*, 70 Wn. App. 567. A sentence range increased by an enhancement is still a standard range sentence.

¶10 Thus, neither the definition of "standard sentence range" nor the longstanding practice of adding enhancements to a base range to create a new "standard range" supports the Department's position that the phrase refers only to an unenhanced "base" range. Similarly, the 2006 amendments to the DOSA statute and the drug enhancement statute do not aid the Department's argument.

¶11 The last sentence of RCW 9.94A.533(6), requiring drug zone enhancements to be served consecutively "to all other sentencing provisions," was added by Laws of 2006, ch. 339, § 301. The acknowledged purpose of the amend-

ment was to overturn the decision in *State v. Jacobs*, 154 Wn.2d 596, 115 P.3d 281 (2005). *See* FINAL B. REP. on Engrossed Second Substitute S.B. 6239, at 4, 59th Leg., Reg. Sess. (Wash. 2006); ENGROSSED SECOND SUBSTITUTE S.B. 6239, at 6-7, 59th Leg., Reg. Sess. (Wash. 2006); H.B. REP. on Second Substitute H.B. 6239, at 7, 13-14, 59th Leg., Reg. Sess. (Wash. 2006); HOUSE CRIMINAL JUSTICE & CORRECTIONS COMM., H.B. ANALYSIS on Engrossed Second Substitute S.B. 6239, at 6-7, 59th Leg., Reg. Sess. (Wash. 2006). In *Jacobs* the court had reversed a DOSA sentence based on a range that had been expanded by stacking two 24-month drug zone enhancements.[2] The court had concluded that it was unclear if the legislation required multiple drug zone enhancements to be served concurrently or consecutively to each other. Applying the rule of lenity, the court directed the trial court to add only 24 months to the base range on resentencing. *Jacobs*, 154 Wn.2d at 602-604. The addition of the stacking provision in the 2006 legislation to change the *Jacobs* result did not change the command of the first sentence of RCW 9.94A.533(6) that enhancements are to be added to the base range. The amendment permitted multiple enhancements and directed that they run consecutively. It did not change the way that enhanced sentence ranges are calculated.

¶12 Similarly, nothing in the DOSA statute itself suggests that a special rule applies to enhancements. As noted previously, the DOSA statute was amended to require that an offender serve at least 12 months in prison by the very same legislation that also amended the drug zone enhancement provision. *See* LAWS OF 2006, ch. 339, § 302. When it amended DOSA to require a minimum prison term, the Legislature did not address the issue of how DOSA was to be applied in the case of drug zone enhancements. It also did not suggest that the DOSA statute applied only to a base sentence. The DOSA statute could have easily been amended to be applied differently in cases involving an

---

[2] While not at issue in that appeal, the trial court in *Jacobs* had, like the trial court in this case, applied DOSA to the enhanced range. 154 Wn.2d at 599.

enhancement. However, there was no such language added to the statute.

¶13 The 2006 amendments—stacking enhancements and setting minimum terms for prison-based DOSA sentences—simply did not change the way a sentence range is calculated when an enhancement exists. There is no ambiguity in the DOSA statute. The trial court did not err when it calculated the DOSA sentence in Mr. Gutierrez's case.

¶14 Because there was no error, we do not reach the question argued by the parties concerning whether or not the plea agreement could be upended by the Department's petition.[3] DOC has not established that a different rule for computing the standard range exists in drug zone enhancement cases or that the Legislature intended the DOSA statute to apply differently in those cases. The trial court did not err and we therefore dismiss this petition.

SCHULTHEIS, C.J., and SWEENEY, J., concur.

---

[3] DOC argues that the remedy portion of *State v. Miller*, 110 Wn.2d 528, 756 P.2d 122 (1988), was erroneously decided and should be overruled. This court, of course, cannot overrule the Washington Supreme Court. Only that court can change its prior decisions. *State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984). Whether or not *Miller* has been undermined by the decisions in *State v. Hughes*, 154 Wn.2d 118, 110 P.3d 192 (2005), and *State v. Pillatos*, 159 Wn.2d 459, 150 P.3d 1130 (2007), is a question we leave to another day.