# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of Reference to    )    No. 76933-2-I
MICHAEL J. FULLER,               )
                                 )    DIVISION ONE
               A juvenile.       )
                                 )
STATE OF WASHINGTON,             )
                                 )
               Respondent,       )    UNPUBLISHED OPINION
                                 )
        v.                       )
                                 )
MICHAEL J. FULLER,               )
                                 )
               Appellant.        )    FILED:  June 18, 2018

SCHINDLER, J. — Michael J. Fuller[1] appeals the juvenile court adjudication that he

was guilty of possession of marijuana in violation of RCW 69.50.4013.  Fuller seeks

dismissal, arguing he proved unwitting possession by a preponderance of the evidence.

Fuller also contends RCW 69.50.4013 violates due process by unconstitutionally

shifting the burden to Fuller to prove lack of knowledge.  We affirm.

## FACTS

Michael J. Fuller attends Blaine High School.  During the first-period class on

January 20, 2017, the teacher smelled marijuana on 14-and-a-half-year-old Fuller and

contacted Vice Principal Wayne Vezzetti.

---

[1] See Gen. Order 2017-1 of Divisions I, II, & III, In re Changes to Case Title (Wash. Ct. App.),
http://www.courts.wa.gov/ appellate_trial_courts/?fa=atc.genorders_orddisp&ordnumber=I-021&div=I.

School security employee Kelly Freeman accompanied Fuller from the classroom to the vice principal's office. Freeman "noted the strong smell of marijuana" coming from Fuller. Vezzetti and Freeman searched Fuller's backpack and clothing. Freeman found "[a] small quantity of a green leafy substance" in the pocket of Fuller's sweatshirt and in the bottom of his backpack.

Vezzetti called the Blaine Police Department. Officer Brent Greene responded. Officer Greene identified the leafy substance as "consistent with what marijuana looks like, and the smell also consistent with marijuana." Officer Greene "noted a strong smell of marijuana coming from [Fuller]." After Fuller "turned out some of his pockets," Officer Greene found and collected more green leafy substance.

Officer Greene read Fuller his Miranda[2] rights with the juvenile warnings. Fuller told Officer Greene that "he didn't realize he still had marijuana on him." Officer Greene performed a field test and the "green leafy substance" tested positive for marijuana. Officer Greene arrested Fuller.

Washington State Patrol Crime Laboratory forensic scientist Karen Finney tested and confirmed the substance was marijuana.

The State charged Fuller as a juvenile with possession of a controlled substance on January 20 in violation of RCW 69.50.4013. Fuller pleaded not guilty and asserted the defense of unwitting possession.

At the adjudication hearing, Vezzetti, Freeman, Officer Greene, and Finney testified on behalf of the State.

---

[2] Miranda v Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Vezzetti testified that there was a "very strong smell" of marijuana on Fuller. Freeman testified that the "strength of the odor . . . was pretty strong." Freeman said she found marijuana in Fuller's backpack. Freeman said she "emptied [the backpack] out on the desk" and the contents "just kind of went all over, and . . . when I searched it, there was remnants of [marijuana] in the bottom of his bag because I had gotten it on my hand." Freeman testified that she found marijuana in the side pockets of Fuller's sweatshirt.

Officer Greene testified that as soon as he walked into Vezzetti's office, "there was a strong pungent odor of marijuana" coming from Fuller. Officer Greene testified he asked Fuller "about the substance" and Fuller said he had "smoked marijuana three, four days prior to that, and didn't know that he still had it on his person."

Fuller testified. Fuller said he had not smoked marijuana on January 20. Fuller testified that he was not "aware of" being "in possession of any marijuana." Fuller admitted he possessed marijuana "around the week before" but he did not know "there were bits of marijuana in the pocket of that sweatshirt." Fuller admitted there was a "green leafy substance that came out of [his] pocket." Fuller said that marijuana "sticks to the fabric of the inside of the pocket pretty well."

On cross-examination, Fuller admitted that he possessed marijuana the week before and that no one else had access to his sweatshirt.

Q.  Okay, and had you testified that you had marijuana in your pocket of your jacket a week prior, correct?
A.  Umm, kind of, in the, I don't remember having it in my pocket, but I did encounter marijuana the week prior.
Q.  Okay. So you know what marijuana looks like, correct?
A.  Yes.
Q.  And it was your sweatshirt, correct?
A.  Yes.

Q. And you wear that sweatshirt every other day, you say?
A. Not exactly every other, but pretty often.
Q. Okay, and would you say you put your hands in your pockets pretty regularly?
A. Yeah.
Q. And you know that marijuana had been in your pocket?
A. No.
Q. Okay, but you had marijuana in your possession a week ago or a week prior to the 20th?
A. Right around, yes.
Q. Okay, and did anyone else have access to your sweatshirt?
A. Not that I can think of.

Fuller also testified that "nobody messed with" his backpack.

During closing argument, the prosecutor argued the evidence established proof

beyond a reasonable doubt that Fuller possessed marijuana. The prosecutor argued

the evidence did not show unwitting possession. "There's no person in the middle who

might have had access or placed the marijuana in his possession unwitting to Mr. Fuller.

Mr. Fuller had full control of all of the items that the marijuana was located in." The

prosecutor argued Fuller "didn't think that there was any[ ]more marijuana on him,

because essentially he had used it all."

Defense counsel argued Fuller proved by a preponderance of the evidence that

he did not know he had possession of the marijuana on January 20.

> [Fuller] admitted that he had had possession of marijuana prior to this
> incident about a week according to his testimony, about three or four days
> according to the testimony of law enforcement. That does not in any way
> establish that he had marijuana in that pocket.
>     We know that marijuana was found in that pocket. So it's
> presumed that there was marijuana in there previous[ly], but what's at
> issue here is whether or not [Fuller] on this day had knowledge that that
> marijuana was in his pocket.

Defense counsel also argued that the "minimal amount" of marijuana found on Fuller

"suggests that he could certainly have possessed that without . . . knowingly being in

possession of that."

In rebuttal, the prosecutor pointed out that "Washington [S]tate does not require knowledge in simple possession cases." The prosecutor argued, "Simply forgetting that you still had some on you, or not realizing that you still had some on you when you knew at one point you had it on you . . . is [not] unwitting possession. . . . I didn't realize there was any left, that's not unwitting possession."

The court ruled Fuller did not prove unwitting possession by a preponderance of the evidence. The court entered an order on adjudication and disposition finding Fuller guilty of possession of marijuana. The court imposed 12 months of probation.

On May 31, 2017, Fuller filed a notice of appeal. On November 17, Fuller filed his opening brief. The court entered written findings of fact and conclusions of law on December 5.[3]

## ANALYSIS

### Unwitting Possession

Fuller contends the court erred by concluding he did not prove unwitting possession by a preponderance of the evidence.

Unwitting possession is an affirmative defense to a charge of possessing a controlled substance. State v. Staley, 123 Wn.2d 794, 799, 872 P.2d 502 (1994). " 'Unwitting possession is a judicially created affirmative defense that may excuse the defendant's behavior, notwithstanding the defendant's violation of the letter of the statute.' " State v. Buford, 93 Wn. App. 149, 151-52, 967 P.2d 548 (1998) (quoting State v. Balzer, 91 Wn. App. 44, 67, 954 P.2d 931 (1998)). To establish the defense of

---

[3] A commissioner of this court granted Fuller's motion to supplement his assignments of error.

unwitting possession, the defendant must prove by a preponderance of the evidence that he did not know the substance was in his possession or did not know the nature of the substance. State v. Deer, 175 Wn.2d 725, 735, 287 P.3d 539 (2012). In evaluating the persuasiveness of the evidence and the credibility of witnesses, we defer to the trier of fact. State v. Andy, 182 Wn.2d 294, 303, 340 P.3d 840 (2014).

We review challenged findings of fact for substantial evidence and challenged conclusions of law de novo. State v. Homan, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). Substantial evidence is evidence sufficient to persuade a fair-minded person of the truth of the asserted premise. Homan, 181 Wn.2d at 106. Unchallenged findings of fact are verities on appeal. State v. Acrey, 148 Wn.2d 738, 745, 64 P.3d 594 (2003). We review findings of fact erroneously labeled conclusions of law as findings of fact. State v. Ross, 141 Wn.2d 304, 309-10, 4 P.3d 130 (2000).

Fuller assigns error to conclusion of law 5(a). Conclusion of law 5 states:

The Respondent failed to prove the defense of Unwitting Possession by a preponderance of the evidence.
  a. Respondent failed to show that he did not know he was in possession of marijuana.
  b. Respondent failed to show that he did not know the nature of the substance located in his sweatshirt pockets and backpack.

Fuller contends he proved unwitting possession by a preponderance of the evidence because the evidence shows he was "unaware" that he possessed marijuana. Substantial evidence supports conclusion of law 5(a) that Fuller "failed to show that he did not know he was in possession of marijuana."

The uncontroverted testimony of three witnesses established that on January 20, a very strong smell of marijuana emanated from Fuller. Vice Principal Vezzetti testified the "very strong smell" of marijuana was "very pungent, and so my suspicion was he

had it on himself or he had smoked it." School security employee Freeman and Officer Greene also "noted a strong smell of marijuana coming from" Fuller.

Fuller admitted he "know[s] what marijuana looks like" and possessed marijuana approximately a week before. Officer Greene testified that Fuller admitted he "smoked marijuana three, four days prior." Fuller told Officer Greene he "didn't know that he still had it on his person."

Fuller testified he had "marijuana in [his] possession while . . . wearing that sweatshirt." Fuller testified no one else had access to his sweatshirt or his backpack. Fuller said he put his hands in his pockets "pretty regularly." Freeman said that loose pieces of marijuana stuck to her hand when she searched Fuller's sweatshirt pockets and backpack, and Fuller testified marijuana "sticks to the fabric of the inside of the pocket pretty well."

Fuller's testimony that "I don't remember having [marijuana] in my pocket" and that he was not "aware" he "still had it" on him does not negate knowledge and does not support an inference of unwitting possession. See, e.g., Buford, 93 Wn. App. at 153; State v. Sundberg, 185 Wn.2d 147, 149-50, 156-57, 370 P.3d 1 (2016).

Fuller also argues that the small amount of marijuana found on him supports the defense of unwitting possession by a preponderance of the evidence. But the amount of marijuana does not diminish the proof of guilt. State v. Malone, 72 Wn. App. 429, 439, 864 P.2d 990 (1994).

Fuller assigns error to conclusion of law 6:

The court concludes Respondent's explanation/assertion that he did not know the marijuana was in his possession is not credible based on the evidence presented at trial.

Fuller contends substantial evidence does not support the finding because the court "did not find [Fuller] was not credible" in its oral ruling. The trier of fact decides all credibility issues. State v. Thomas, 150 Wn.2d 821, 874, 83 P.3d 970 (2004), abrogated in part on other grounds by Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). We will not set aside the court's credibility determination. See Thomas, 150 Wn.2d at 874-75. Here, the court specifically found Fuller was not credible.[4]

> Of course, [Fuller] has the largest incentive to say what he had to say and to avoid a finding that he was in possession of marijuana. Lots of things are at stake, driver's license, many other things that could be impacted as a result of this.

Fuller also argues the court misstated the law and improperly shifted the burden by requiring him to present evidence that the marijuana came into his possession without his knowledge. In support of his argument, Fuller cites out of context portions of the court's oral ruling.

The record shows the court weighed all the evidence and correctly stated and applied the law. The court ruled:

> The affirmative defense of unwitting possession which must be put forward by the Defendant requires him to show by a preponderance of the evidence either that he didn't know that he was in possession or didn't know the nature of the substance.

> The court found Fuller smelled strongly of marijuana.

> [F]our adults, all of whom stated they have some experience and some training regarding the identification [of] drugs by, particularly marijuana by odor said they smelled a strong odor — actually, three were by training, the [teacher] we didn't have testimony about his training, but he was the

---

[4] We also note an oral decision "has no binding or final effect unless it is formally incorporated into findings of fact, conclusions of law, and judgment." State v. Dailey, 93 Wn.2d 454, 458-59, 610 Wn.2d 357 (1980). An oral decision may support, but not contradict, the findings of fact. State v. Hinds, 85 Wn. App. 474, 486, 936 P.2d 1135 (1997).

one that first reported it and said Mr. Fuller smelled like marijuana. Ms. Freeman who has been trained and has a lot experience, mostly experience, said I smelled it. It was a strong odor. The same for the [vice] principal and the officer who clearly has been trained said, yes, it was a strong odor, and I smelled it as well.

The court noted the marijuana found on Fuller was "a very small quantity. . . . It's not a whole lot in the sense that it would be obvious to someone that it existed if they were to just put their hand in his pocket or his bag unless it stuck to their hand as Ms. Freeman testified it did to her." But the court found, "It's pretty clear from his testimony that he knows the nature of marijuana. He has had some in the past. He's aware of it."

The court found the evidence established Fuller knew that he possessed marijuana and that he put the marijuana in his sweatshirt and backpack.

> There is no indication or anything offered to the Court as to how the marijuana could have gotten into Mr. Fuller's backpack or his pockets other than from him. It is his testimony that within a matter of [a] few days or a week, he had had marijuana in his possession. It's his testimony that he wore this sweatshirt frequently, every other day or more often, because it was one of his favorites. He testified that no one had messed with his backpack in the locker room, and no one else had worn, there's no evidence that anyone else had worn the sweatshirt.
> It is his testimony that he, the testimony was that he told the officer that he didn't know he still had any, which is consistent with his previous admission that he had had some at sometime previously. . . .
>  . . . .
> There needs to be, I think, some evidence of a reason or a basis for the Court to find that it got there without his knowledge. I have no basis for that. In fact, the only evidence I have is evidence that it would have been there with his knowledge, quite possibly because of the fact that he had had some previously, and he wore the sweatshirt regularly, and nobody else had anything else to do with his backpack, and since the substance that was tested and found positive came from both the backpack and the pockets, and since the odor was noticeable by people around him, . . . there is sufficient evidence that someone in his position should have and would have known what was in his backpack, what was in his pockets, and would have noticed the odor.

The court concluded Fuller did not prove by a preponderance of the evidence that he did not know he possessed marijuana.

> [T]he evidence requires the Court to make a determination based on all of that evidence, and for the defense to be supported would require the Court to have a basis in that evidence to determine that the marijuana got there without his knowledge, and all the evidence that I do have, what little I have, is that he is likely to have known about it.

We conclude the court did not err in concluding Fuller failed to prove unwitting possession by a preponderance of the evidence.

Entry of Findings of Fact and Conclusions of Law

Fuller contends we must reverse the conviction and strike the untimely findings of fact and conclusions of law because they are tailored to meet the issues raised in his opening brief.

We will not reverse a conviction based on the failure to enter timely findings and conclusions where the delay causes no prejudice to the defendant. State v. Byrd, 83 Wn. App. 509, 512, 922 P.2d 168 (1996). "[A] defendant might be able to show prejudice resulting from the lack of written findings and conclusions where there is strong indication that findings ultimately entered have been 'tailored' to meet issues raised on appeal." State v. Head, 136 Wn.2d 619, 624-25, 964 P.2d 1187 (1998). An appellant cannot show prejudice where the findings and conclusions are consistent with the trial court's oral opinion and do not contain unanticipated information. State v. Brockob, 159 Wn.2d 311, 344, 150 P.3d 59 (2006); State v. Cannon, 130 Wn.2d 313, 330, 922 P.2d 1293 (1996).

Fuller contends the findings "omit the trial court's erroneous understanding and application of the unwitting possession defense." But as previously noted, the record

shows the court correctly stated and applied the defense of unwitting possession. Fuller asserts prejudice because the court did not include Officer Greene's testimony that Fuller told him "he did not know he was in possession of any marijuana" and Fuller's testimony that he was not aware that he possessed marijuana in the findings. The findings of fact make clear the court took into account that testimony. For example, findings of fact 14 and 15 state:

14. Prior to the evidentiary portion of the trial, Respondent stipulated that his statements were voluntary and waived a [CrR] 3.5 hearing.

15. On January 20, 2017, Respondent told Officer Greene that he had marijuana three or four days prior. During his testimony, Respondent admitted to having possession of marijuana about a week prior to January 20, 2017.

Fuller cannot show prejudice from the delayed entry of the findings of fact and conclusions of law.

Due Process

Fuller contends that requiring a defendant to prove unwitting possession violates due process because it allows the State to prove possession without requiring any culpable mental state.[5]

We review the constitutionality of a statute de novo. State v. Bradshaw, 152 Wn.2d 528, 531, 98 P.3d 1190 (2004). A statute is presumed to be constitutional, and the party challenging a particular statute has the burden to prove it is unconstitutional. Homan, 181 Wn.2d at 113.

---

[5] RCW 69.50.4013(1) states, "It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his or her professional practice, or except as otherwise authorized by this chapter."

The Fourteenth Amendment to the United States Constitution provides that no state may deprive a person of liberty without due process of the law. Strict liability crimes do not necessarily violate due process. State v. Schmeling, 191 Wn. App. 795, 801, 365 P.3d 202 (2015). The legislature has the authority to create strict liability crimes that do not include a culpable mental state. Bradshaw, 152 Wn.2d at 532.

In Schmeling, we considered and rejected the same due process challenge to RCW 69.50.4013. Schmeling, 191 Wn.2d at 801-02. We concluded the legislature has wide latitude to create strict liability crimes that do not require a culpable mental state and the Washington Supreme Court has repeatedly affirmed the legislature's authority to do so. Schmeling, 191 Wn.2d at 801. We also concluded our Supreme Court has twice held the legislature intentionally omitted a mens rea element for the crime of possession of a controlled substance. Schmeling, 191 Wn.2d at 801 (citing Bradshaw, 152 Wn.2d at 534-38 (declining to imply a mens rea element where legislative intent is clear); State v. Cleppe, 96 Wn.2d 373, 380-81, 635 P.2d 435 (1981)). Thus, we held RCW 69.50.4013 does not violate due process even though it does not contain a mens rea element. Schmeling, 191 Wn.2d at 802.

Fuller acknowledges but asks this court not to follow Schmeling. Citing a federal district court case, Fuller contends RCW 69.50.4013 violates due process by shifting the burden to the defendant to prove his innocence. See May v. Ryan, 245 F.Supp.3d 1145, 1157-61 (D. Ariz. 2017) (removing sexual intent from child molestation law required defendant to prove a negative and unconstitutionally shifted burden of proof).

.

12

But in <u>Bradshaw</u>, the Washington Supreme Court concluded the affirmative defense of unwitting possession did not shift the burden of proof:

> The State has the burden of proving the elements of unlawful possession of a controlled substance as defined in the statute—the nature of the substance and the fact of possession. Defendants then can prove the affirmative defense of unwitting possession. This affirmative defense ameliorates the harshness of a strict liability crime. It does not improperly shift the burden of proof.

<u>Bradshaw</u>, 152 Wn.2d at 538.[6] Contrary to Fuller's assertion, RCW 69.50.4013 does not require him to prove his innocence. RCW 69.50.4013 requires the State prove beyond a reasonable doubt that Fuller possessed marijuana. Accordingly, we hold RCW 69.50.4013 does not violate due process.

We affirm.

WE CONCUR:

---

[6] Citations omitted.

13